IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CR-00298-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **MOTION FOR ISSUANCE OF** |
| v. | : | **PRELIMINARY ORDER OF** |
| | : | **FORFEITURE** |
| TREYTON LEE THOMAS | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, requests that the Court issue a preliminary order of forfeiture in the above criminal action pursuant to Fed. R. Crim. P. 32.2. In support of this motion, the Government shows unto the Court the following:

1. On November 22, 2016, the defendant, Treyton Lee Thomas, was charged in a Criminal Indictment with wire fraud, bank fraud, and engaging in unlawful monetary transactions.

2. On October 2, 2018, the defendant, Treyton Lee Thomas, entered into a Plea Agreement as to Count Six of the Criminal Indictment, specifically 18 U.S.C. § 1343, and agreed to relinquish and forfeit $7,282,524.00, which amount the defendant agreed represents assets which facilitated and/or were acquired through unlawful activities. This amount included $322,085.37 in U.S. currency seized by the government during the course of its investigation into the defendant's criminal activity.

1

3. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 982(a)(2)(A), which provides for the forfeiture to the United States of any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1343.

4. Pursuant to the Plea Agreement, and the defendant's guilty plea to an offense in violation of 18 U.S.C. § 1343, the Government requests that the Court enter, as the statute requires, a preliminary order of forfeiture regarding the foregoing subject property.

5. Upon the issuance of a preliminary order of forfeiture as to the $322,085.37 in United States currency previously seized by the government, the United States shall, pursuant to 21 U.S.C. § 853(n), publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

6. With respect to the remaining $6,960,438.63, the government requests that the Court enter an order forfeiting this amount as the proceeds the defendant personally obtained directly or indirectly as a result of his violation of 18 U.S.C. § 1343.

7. Furthermore, pursuant to 21 U.S.C. § 853(p), made applicable to this proceeding by 18 U.S.C. § 982(b)(1), if any of the above-described forfeitable property, as a result of any act or omission of the defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be subdivided without difficulty, then the Court "shall order the forfeiture of any other property of the defendant, up to the value of" the directly forfeitable property.

8. As described in the Declaration of Special Agent Bennett E. Strickland, attached hereto as **Exhibit A**, as a result of the act or omissions of the defendant, $6,960,438.63 in forfeitable proceeds are unavailable for one or more of the reasons set forth in 21 U.S.C. § 853(p)(1)(A)–(E).

9. As further described in **Exhibit A**, through its investigative efforts, the United States has determined that the defendant is the owner of approximately 279.543012 bitcoins (BTC) and 279.543012 bitcoin cash (BCH), two technically distinct but related blockchain-based cryptocurrencies. Thomas's BTC/BCH is currently held by an online third-party cryptocurrency storage platform known as Coinbase. Although the U.S. dollar value of BTC and BCH fluctuates, the total value of the defendant's BTC/BCH as of the date of filing is approximately $988,899,77.

10. Pursuant to Rule 32.2(a)(2)(A), "if the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria."

11. Based on the foregoing, the government requests that the Court enter a preliminary order of forfeiture of the BTC/BCH as substitute assets, provided that the government will file a Partial Satisfaction of Judgment to the extent the sale of such BTC/BCH satisfies the value of directly forfeitable property not currently in the government's possession or the whereabouts of which are unknown to the government.

12. Furthermore, as explained in **Exhibit A**, approximately 17.5853405 BTC and 17.5853405 BCH owned by the defendant are held in Coinbase accounts that the government has the ability to seize upon the Court's order. The balance of the BTC and BCH owned by the defendant are held in "Multi-Signature Vault" accounts which are not subject to restraint or seizure without further information from the defendant in the form of a seed phrase, passphrase, and/or private key(s). The defendant has refused to disclose this information to the government or his defense counsel despite repeated requests. As such, the government requests that the Court authorize discovery to identify, locate, or dispose of said BTC/BCH in accordance with Fed. R. Crim. P. 32.2(b)(3). Specifically, the government requests

that the Court compel the defendant to disclose to the government the information necessary to facilitate the disposition of his forfeitable assets held in Multi-Signature Vaults, including, but not limited to, his seed phrase, passphrase, private key(s), and/or the physical or digital location of one or more of these access mechanisms.

12. The government also requests that the Court retain jurisdiction over this matter for the purposes of enforcing the defendant's discovery obligations and amending the Order of Forfeiture to include any subsequently located substitute assets pursuant to 21 U.S.C. § 853(p).

WHEREFORE, based on the foregoing, the Court is requested to order the following:

(i) that pursuant to 18 U.S.C. § 982(a)(2)(A), $322,085.37 in directly forfeitable U.S. Currency be preliminarily forfeited to the United States, and that upon resolution of all third-party claims and entry of a final order of forfeiture, that said subject property be disposed of in accordance with law;

(ii) that pursuant to 18 U.S.C. § 982(a)(2)(A), $6,960,438.63 be forfeited to the United States as representing the balance of the directly forfeitable proceeds personally obtained by the defendant as a result of his violation of 18 U.S.C. § 1343.

(ii) that pursuant to 21 U.S.C. § 853(p), all of the BTC/BCH owned by the defendant and held with Coinbase (approximately 279.543012 BTC and 279.543012 BCH) be preliminarily forfeited to the United States as substitute property for the $6,960,438.63 in unrecovered proceeds, and that upon resolution of all third-party

5

claims and entry of a final order of forfeiture, that said property be disposed of in accordance with law;

(iv) that pursuant to Fed. R. Crim. P. 32.2(b)(3), the defendant shall immediately disclose to the government the information necessary to facilitate the disposition of his forfeitable assets held in Multi-Signature Vaults, including, but not limited to, his seed phrase, passphrase, private key(s), and/or the physical or digital location of one or more of these access mechanisms; and

(v) that the Court retain jurisdiction over this matter for the purposes of enforcing the defendant's discovery obligations and amending the Order of Forfeiture to include any subsequently located substitute assets.

Respectfully submitted this 1st day of February, 2019.

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ John E. Harris
JOHN E. HARRIS
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: john.harris5@usdoj.gov
NC State Bar #49253
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have on this 1st day of February, 2019, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Geoffrey Ryan Willis
Email: ryan@dysartwillis.com

Christian Emerson Dysart
Email: christian@dysartwillis.com

Meredith Woods Hubbard
Email: meredith@dysartwillis.com

 ROBERT J. HIGDON, JR.
 United States Attorney

BY: /s/ John E. Harris
 JOHN E. HARRIS
 Assistant United States Attorney
 Civil Division
 310 New Bern Avenue
 Federal Building, Suite 800
 Raleigh, NC 27601-1461
 Telephone: (919) 856-4530
 Facsimile: (919) 856-4821
 E-mail: john.harris5@usdoj.gov
 NC State Bar #49253
 Attorney for Plaintiff