IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-00298-D

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| TREYTON LEE THOMAS | : |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement by the defendant on October 2, 2018, and the defendant's guilty plea to an offense in violation of 18 U.S.C. § 1343, the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. § 982(a)(2)(A), to wit:

(a)     $322,085.37 in United States currency; and

(b)     $6,960,438.63 in additional proceeds that the defendant personally obtained directly or indirectly as a result of the said violation of 18 U.S.C. § 1343.

With respect to the $6,960,438.63 in forfeitable proceeds, pursuant to 21 U.S.C. § 853(p) and based upon the evidence presented by the government, the Court further finds that by the defendant's act or omission, said property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; and/or has been substantially diminished in value. Accordingly, the Court finds that the following other property of said defendant, up to the value of the above-listed directly forfeitable proceeds, shall be forfeited as substitute property:

1

(a) All bitcoin ("BTC") and bitcoin cash ("BCH") owned by Thomas in wallets and/or accounts held through third-party currency exchange Coinbase (approximately 279.543012 BTC and 279.543012 BCH); and

(b) Any and all proceeds from the sale of such BTC/BCH.

AND WHEREAS, by virtue of said guilty plea and the defendant's agreement therein, the United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the plea of guilty by the defendant, Treyton Lee Thomas, the United States is hereby authorized to seize the above-stated directly forfeitable and substitute property as allowed by Fed. R. Crim. P. 32.2(b)(3), and all such property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. That pursuant to Fed. R. Crim. P. 32.2(b)(3) and the Court's authority thereunder to authorize discovery the Court considers proper in identifying, locating, or disposing of the above-stated directly forfeitable property and substitute property, and based upon the government's request and demonstrated need for such discovery, the defendant shall immediately disclose to the government the information

necessary to facilitate the disposition of his forfeitable assets held in Multi-Signature Vaults, including, but not limited to, his seed phrase, passphrase, private key(s), and/or the physical or digital location of one or more of these access mechanisms.

3. That based upon the defendant's agreement to voluntarily relinquish and forfeit $6,960,438.63 in proceeds from his violation of 18 U.S.C. § 1343, and upon the government's showing that the defendant has by his own acts or omissions made said proceeds unavailable, and that one or more of the conditions to forfeit substitute assets exists, as set forth in Title 21, United States Code, Section 853(p), the United States is entitled to forfeit additional substitute assets equal to the value of the proceeds obtained by the defendant, and that such substitute assets shall not exceed $6,960,438.63 in value. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in whole or in part. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund or the U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

4. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order

3

Case 5:16-cr-00298-D    Document 105    Filed 02/01/19    Page 3 of 5

shall be final as to the defendant upon entry.

5. That pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the above-referenced directly forfeitable and substitute property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

6. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c)(2).

7. That to the extent that the forfeiture or sale of any tangible personal property, including substitute property, is adequate to satisfy this Judgment in the amount of $6,960,438.63 in forfeitable proceeds, in whole or in part, the United States shall promptly file a Satisfaction of Judgment to the extent it is so satisfied.

8. That the Court shall retain jurisdiction over this matter for the purpose of enforcing the defendant's discovery obligations and amending the Order of Forfeiture to include any subsequently located substitute assets.

SO ORDERED, this ___ day of _____, 2019.

                                                              _____
                                                              JAMES C. DEVER, III
                                                              United States District Judge