IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-00298-D

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | **MOTION FOR** |
| v. | : | **RESTRAINING ORDER** |
| | : | **(21 U.S.C. 853(g))** |
| TREYTON LEE THOMAS | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, requests that the Court issue a restraining order immediately restraining the disposition of certain forfeitable cryptocurrency owned by the defendant. In support of this motion, the Government shows to the Court the following:

1. On November 22, 2016, the defendant, Treyton Lee Thomas, was charged in a Criminal Indictment with wire fraud, bank fraud, and engaging in unlawful monetary transactions.

2. On October 2, 2018, the defendant, Treyton Lee Thomas, entered into a Plea Agreement as to Count Six of the Criminal Indictment, specifically 18 U.S.C. § 1343, and agreed to relinquish and forfeit $7,282,524.00, which amount the defendant agreed represents assets which facilitated and/or were acquired through unlawful activities. This amount included $322,085.37 in U.S. currency seized by the

1

government during the course of its investigation into the defendant's criminal activity.

3.     On February 1, 2019, the government filed a motion for a preliminary order of forfeiture (the "Forfeiture Motion") requesting that the $322,085.37 in seized property and the remaining balance of the criminal proceeds ($6,960,438.63) be preliminarily forfeited. The government also requested that the Court forfeit as substitute assets approximately 279.543012 bitcoins (BTC) and 279.543012 bitcoin cash (BCH) owned by defendant and currently held by a third-party online cryptocurrency storage platform known as Coinbase.

4.     In the Forfeiture Motion and supporting declaration, which is also attached hereto in support of this motion as **Exhibit A**, the government further explained to the Court that while the government has the ability to immediately seize some amount of the forfeitable BTC/BCH from Coinbase, the vast majority of the BTC and BCH owned by defendant are digitally "stored" in a type of Coinbase account known as a "Multi-Signature Vault. The Multi-Signature Vault requires the account owner to provide certain credentials to access the BTC, and Coinbase lacks the ability to unilaterally turn over or restrain the BTC and BCH held in the Multi-Signature Vault accounts.

5.     Furthermore, as explained in **Exhibit A**, a person with access to the seed phrase for a Multi-Signature Vault has the ability to separately generate the credentials (*i.e.*, private key(s)) necessary to access and transfer the BTC/BCH in the

Multi-Signature Vault without any involvement whatsoever from Coinbase. Tracing the destination of such a transfer could be extremely difficult.

5. Accordingly, to facilitate the seizure of the forfeited BTC and BCH as authorized under Fed. R. Crim. P. 32.2(b)(3), the government requested in the Forfeiture Motion that the Court compel the defendant to disclose to the government the information necessary to facilitate the disposition of his forfeitable assets held in his Multi-Signature Vaults, including, but not limited to, his seed phrase, passphrase, private key(s), and/or the physical or digital location of one or more of these access mechanisms.

6. In the present motion, and pursuant to 21 U.S.C. § 853(g), the government seeks a restraining order to protect the United States' interest in the BTC and BCH that the government has requested to be forfeited.

7. Under 21 U.S.C. § 853(g), "[f]ollowing entry of an order declaring the property forfeited,[1] the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, . . . or take any other action to protect the interest of the United States in the property ordered forfeited." Courts have granted restraining orders under 21 U.S.C. § 853(g) to prevent the transfer or

---

[1] The government notes that the Court's broad authority to take action to protect the United States's interests in forfeited property under 21 U.S.C. § 853(g) commences "[f]ollowing entry of an order declaring [the] property forfeited." *Id.* Thus, the relief requested by the government in the present motion would be appropriate only *after* the Court has entered a preliminary order of forfeiture. The government's Forfeiture Motion is pending before the Court. However, given the risks of dissipation of the BTC/BCH at issue and the difficulty of recovering the BTC/BCH if transferred, the government is filing this request for a restraining order to be considered simultaneously with its Forfeiture Motion.

3

dissipation of forfeitable substitute assets. *United States v. Brown*, No. 10-cr-0420-WDQ, 2011 WL 1344177, at *1 (D. Md. Feb. 28, 2011) (issuing post-conviction restraining order restraining the removal, encumbrance, or interference with funds in bank account identified as substitute assets pursuant to 21 U.S.C. § 853(g)); *United States v. Salvagno*, 2006 WL 2546477, at *16 (N.D.N.Y. Aug. 28, 2006) (explaining that once a preliminary order of forfeiture identifies specific forfeitable substitute assets, "the substituted asset may be restrained or frozen").

8. Pursuant to 21 U.S.C. § 853(l), this Court is authorized to issue a restraining order under section 853(g) regardless of the location of the forfeitable property to be restrained. *Brown*, 2011 WL 1344177, at *1.

9. In this case, the United States seeks an order restraining the defendant and/or any person or entity acting on the defendant's behalf from removing, transferring, encumbering, or otherwise interfering in any way with any and all BTC/BCH owned by defendant and currently held by Coinbase other than transferring the BTC/BCH to authorized government personnel for the purpose of facilitating the forfeiture of the BTC/BCH. The government also requests that the Court order Coinbase to advise the Office of the United States Attorney for the Eastern District of North Carolina of any further attempts by any person or entity to access the Coinbase accounts associated with the defendant's BTC/BCH or to add or withdraw assets to or from said accounts.[2]

---

[2] The government notes that Coinbase has been very cooperative in complying with the government's requests for information during the duration of this case, and the government

10. Such a restraining order is necessary for at least three reasons.

11. First, as described in **Exhibit A**, there have been multiple attempts to access the defendant's Coinbase account since defendant was arrested and taken into custody. Furthermore, the defendant has a known history of using a third party to conduct financial transactions on his behalf during his time in custody. A restraining order is necessary to prevent the defendant or any third parties acting on his behalf from dissipating or transferring the BTC/BCH until such time as the government can effectuate a seizure of the assets.

12. Second, the nature of BTC/BCH makes the asset very difficult to trace if the BTC/BCH is transferred from the defendant's Coinbase account. As explained in **Exhibit A**, BTC and BCH are designed to allow transactions to be pseudonymous and sophisticated users can take additional steps to hide their identity. The criminal conduct at issue in this case shows the defendant's familiarity with a variety of financial maneuvers designed to mask one's identity, including use of corporate registrants to set up corporate entities, holding and moving assets offshore, the use of various aliases, and fabricating financial documents. Accordingly, there is substantial risk that that if the BTC/BCH is not restrained and is ultimately transferred before the government can effectuate seizure, the assets will become irretrievable.

---

seeks this order out of an abundance of caution to ensure the government remains informed on the status of the defendant's BTC/BCH so that it may take appropriate action as necessary.

12. Third, as described in **Exhibit A**, the defendant has to date refused to disclose to the government or to his defense counsel the requisite information for accessing the BTC/BCH notwithstanding repeated requests to do so. The government is concerned that notwithstanding an order of the Court compelling the defendant to disclose this information, which may consist of a seed phrase, a passphrase, private key(s), or the digital or physical location thereof, the defendant may deny knowledge of the information or assert that he is not currently in possession of it. Restraining the transfer of the assets will remove an incentive for the defendant to refuse to disclose the requisite credentials, to wait until a later date to attempt to access the assets, or to attempt to use a third party to transfer the BTC/BCH to an unknown recipient or location. Ordering the BTC/BCH to be restrained will instead allow the defendant to be held responsible for a transfer of the assets if they are dissipated before the government can effectuate seizure.

WHEREFORE, based on the foregoing, the Court is requested to order that the defendant and/or any person or entity acting on the defendant's behalf be immediately restrained from removing, transferring, encumbering, or otherwise interfering in any way with any and all BTC/BCH owned by defendant and currently held by Coinbase, other than transferring the BTC/BCH to authorized government personnel for the purpose of facilitating the forfeiture of the BTC/BCH. The Court is requested to further order that Coinbase shall advise the Office of the United States Attorney for the Eastern District of North Carolina of any further attempts by any

6

person or entity to access the Coinbase accounts associated with the defendant's BTC/BCH or to add or withdraw assets to or from said accounts.

Respectfully submitted this 1st day of February, 2019.

> ROBERT J. HIGDON, JR.
> United States Attorney
>
>
> BY: /s/ John E. Harris
>  JOHN E. HARRIS
> Assistant United States Attorney
> Civil Division
> 310 New Bern Avenue
> Federal Building, Suite 800
> Raleigh, NC 27601-1461
> Telephone: (919) 856-4530
> Facsimile: (919) 856-4821
> E-mail: john.harris5@usdoj.gov
> NC State Bar #49253
> Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that I have on this 1st day of February, 2019, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Geoffrey Ryan Willis
Email: ryan@dysartwillis.com

Christian Emerson Dysart
Email: christian@dysartwillis.com

Meredith Woods Hubbard
Email: meredith@dysartwillis.com

        ROBERT J. HIGDON, JR.
        United States Attorney

        BY:   /s/ John E. Harris
               JOHN E. HARRIS
        Assistant United States Attorney
        Civil Division
        310 New Bern Avenue
        Federal Building, Suite 800
        Raleigh, NC 27601-1461
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: john.harris5@usdoj.gov
        NC State Bar #49253
        Attorney for Plaintiff