IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-00298-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **RESTRAINING ORDER** |
| | : | |
| TREYTON LEE THOMAS | : | |

On October 2, 2018, the defendant, Treyton Lee Thomas, pled guilty to violating 18 U.S.C. § 1343 in connection with an investment fraud scheme. The defendant agreed to relinquish and forfeit $7,282,524.00, which amount the defendant agreed represents assets which facilitated and/or were acquired through unlawful activities. This amount included $322,085.37 in U.S. currency seized by the government during the course of its investigation into the defendant's criminal activity.

On February 1, 2019, the United States filed a motion for preliminary order of forfeiture seeking the forfeiture of $322,085.37 in seized property and $6,960,438.63 in additional unrecovered proceeds of the defendant's crime. The United States also requested that the court forfeit as substitute assets approximately 279.543012 bitcoins (BTC) and 279.543012 bitcoin cash (BCH) owned by defendant and currently held by a third-party online cryptocurrency storage platform known as Coinbase.

1

By separate motion filed February 1, 2019, the government requested an order pursuant to 21 U.S.C. § 853(g) restraining Thomas's BTC/BCH held in Coinbase accounts. The United States has advised the court that the vast majority of defendant's BTC/BCH is held in a type of Coinbase account known as a Multi-Signature Vault, which requires the defendant to provide certain credentials to access the BTC/BCH that are digitally "stored" therein. Coinbase does not have access to these credentials and thus is not able to unilaterally turn over the BTC/BCH in the Multi-Signature Vaults to the United States upon issuance of an order allowing the United States to seize those forfeitable assets.

Among other things, the government has demonstrated that there is a serious risk that the BTC/BCH in the Multi-Signature Vault accounts may be irretrievably transferred before the United States may effectuate seizure of the forfeited assets. Specifically, the government has shown that the BTC/BCH is subject to immediate, unilateral transfer by the defendant or a third party acting on his behalf so long as the person seeking to transfer the BTC/BCH has access to a seed phrase. The government has also demonstrated that the defendant has used a third party intermediary to conduct financial transactions on his behalf while he has been in custody, and that there have been attempts to access the defendant's Coinbase account while the defendant has been in custody.

Pursuant to 21 U.S.C. § 853(g), the court has the authority to restrain funds subject to forfeiture, including substitute assets, following the entry of a preliminary

order of forfeiture. Pursuant to 21 U.S.C. § 853(l), the court has the authority to issue such a restraining order regardless of the location of the property in question.

Accordingly, pursuant to the court's authority under 21 U.S.C. § 853(g) and based upon the government's showing, it is hereby ORDERED:

1. That the defendant and/or any person or entity acting on the defendant's behalf be immediately restrained from removing, transferring, encumbering, or otherwise interfering in any way with any and all BTC/BCH owned by defendant and currently held by Coinbase, other than transferring the BTC/BCH to authorized government personnel for the purpose of facilitating the forfeiture of the BTC/BCH; and

2. That Coinbase shall immediately advise the Office of the United States Attorney for the Eastern District of North Carolina of any further attempts by any person or entity to access the Coinbase accounts associated with the defendant's BTC/BCH or to add or withdraw assets to or from said accounts; and

3. That this order shall remain in effect until the United States has filed a notice with this court that the government has effectuated the seizure of the full amount of the forfeited BTC/BCH held by Coinbase or until the court otherwise directs.

SO ORDERED, this ___ day of_____, 2019.

_____
JAMES C. DEVER, III
United States District Judge