IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CR-00298-D

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | **AMENDED MOTION FOR** |
| v. | : | **ISSUANCE OF PRELIMINARY** |
| | : | **ORDER OF FORFEITURE** |
| TREYTON LEE THOMAS | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, requests that the Court issue a preliminary order of forfeiture in the above criminal action pursuant to Fed. R. Crim. P. 32.2. In support of this motion, the Government shows unto the Court the following:

1. On November 22, 2016, the defendant, Treyton Lee Thomas, was charged in a Criminal Indictment with wire fraud, bank fraud, and engaging in unlawful monetary transactions.

2. On October 2, 2018, the defendant, Treyton Lee Thomas, entered into a Plea Agreement as to Count Six of the Criminal Indictment, specifically 18 U.S.C. § 1343, and agreed to relinquish and forfeit $7,282,524.00, which amount the defendant agreed represents assets which facilitated and/or were acquired through unlawful activities. This amount included $322,085.37 in U.S. currency seized by the Government during the course of its investigation into the defendant's criminal activity.

1

3. On February 1, 2019, the Government filed a motion seeking a preliminary order of forfeiture of the $322,085.37 in U.S. currency seized during the course of its investigation, as well as the balance of the unrecovered criminal proceeds in the amount of $6,960,438.63. (D.E. 104.). In that motion, the Government also requested that certain cryptocurrency owned by the defendant be forfeited as substitute assets pursuant to 21 U.S.C. § 853(p), and requested that the Court compel the defendant to provide credentials that would allow the Government to access that cryptocurrency. (D.E. 104). This motion remains pending before the Court.

4. Since originally requesting the entry of the preliminary order of forfeiture, the Government has discovered additional assets that are forfeitable to the United States pursuant to 21 U.S.C. § 853(p). In addition, the Government has discovered credentials that it believes will facilitate the seizure of the defendant's cryptocurrency once such seizure is authorized.

5. Accordingly, the Government now files this amended motion seeking a preliminary order of forfeiture that includes all forfeitable property currently known to the United States. If the motion is granted and the preliminary order of forfeiture issued, the Government's previous motion for preliminary order of forfeiture (D.E. 104) may be denied as moot.

6. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 982(a)(2)(A), which provides for the forfeiture to the United States of any property

constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1343.

7. Pursuant to the Plea Agreement, and the defendant's guilty plea to an offense in violation of 18 U.S.C. § 1343, and all other evidence of record, the Government requests that the Court enter, as the statute requires, a preliminary order of forfeiture regarding the proceeds the defendant obtained as result of his violation of 18 U.S.C. § 1343, including $322,085.37 in U.S. currency seized during the course of its investigation and the balance of the unrecovered criminal proceeds in the amount of $6,960,438.63.

8. With respect to the remaining $6,960,438.63, the government requests that the Court enter an order forfeiting this amount as the proceeds the defendant personally obtained directly or indirectly as a result of his violation of 18 U.S.C. § 1343.

9. Furthermore, pursuant to 21 U.S.C. § 853(p), made applicable to this proceeding by 18 U.S.C. § 982(b)(1), if any of the above-described forfeitable property, as a result of any act or omission of the defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be subdivided without difficulty, then the Court "shall order the

3

forfeiture of any other property of the defendant, up to the value of" the directly forfeitable property.

10. As described in the Declaration of Special Agent Bennett E. Strickland, attached hereto as **Exhibit A**, as a result of the act or omissions of the defendant, $6,960,438.63 in forfeitable proceeds are unavailable for one or more of the reasons set forth in 21 U.S.C. § 853(p)(1)(A)–(E).

11. As further described in **Exhibit A**, through its investigative efforts, the United States has determined that the defendant, either personally or through one or more business entities, is the owner of assets that may be forfeited as substitute property pursuant to § 853(p).

12. Pursuant to Rule 32.2(a)(2)(A), "if the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and *directing the forfeiture of any substitute property* if the government has met the statutory criteria." (emphasis added).

13. As described in **Exhibit A**, the defendant owns four separate categories of assets that are forfeitable as substitute assets (the "Substitute Assets").

14. First, the defendant owns approximately 279.543012 bitcoins (BTC) and 279.543012 bitcoin cash (BCH), two technically distinct but related blockchain-based cryptocurrencies. Thomas's BTC/BCH is currently held by an online third-party cryptocurrency storage platform known as Coinbase. Although the U.S. dollar value

4

of BTC and BCH fluctuates, the total value of the defendant's BTC/BCH as of the date of filing is approximately $2,906,167.52.

15. Second, the defendant, through a business entity or otherwise, owns funds in the amount of $21,386.82 that were previously held in Wells Fargo Bank Account No. 3421147038. These funds are currently in the custody of the United States pursuant to valid warrant.

16. Third, the defendant, through a business entity or otherwise, owns funds in the amount of $311,505.29 that were previously held by Proper Title, LLC in escrow accounts PTE2016-0029 and PTE2016-035. These funds are currently in the custody of the United States pursuant to valid warrant.

17. Fourth, the defendant owns funds in the amount of $74,393.99 that are currently held in a PayPal Account No. 2183196777430659640 under the name "Griffin Mill," a known alias of the defendant.

18. The government requests that the Court enter a preliminary order of forfeiture of the Substitute Assets, provided that the government will file a Partial Satisfaction of Judgment to the extent the Substitute Assets satisfies the value of directly forfeitable property not currently in the government's possession or the whereabouts of which are unknown to the government.

19. Upon the issuance of the preliminary order of forfeiture as to the $322,085.37 in United States currency previously seized by the government and as to the Substitute Assets, the United States shall, pursuant to 21 U.S.C. § 853(n), publish

5

notice of the preliminary order of forfeiture and of its intent to dispose of said property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

20. The government also requests that the Court retain jurisdiction over this matter for the purposes of enforcing the defendant's discovery obligations and amending the Order of Forfeiture to include any subsequently located substitute assets pursuant to 21 U.S.C. § 853(p).

WHEREFORE, based on the foregoing, the Court is requested to order the following:

(i) that pursuant to 18 U.S.C. § 982(a)(2)(A), $322,085.37 in directly forfeitable U.S. Currency be preliminarily forfeited to the United States, and that upon resolution of all third-party claims and entry of a final order of forfeiture, that said subject property be disposed of in accordance with law;

(ii) that pursuant to 18 U.S.C. § 982(a)(2)(A), $6,960,438.63 be forfeited to the United States as representing the balance of the directly forfeitable proceeds personally obtained by the defendant as a result of his violation of 18 U.S.C. § 1343.

(iii) that pursuant to 21 U.S.C. § 853(p), the following property be preliminarily forfeited to the United States as substitute property for the $6,960,438.63 in unrecovered proceeds, that the Government be authorized to immediately seize said property, and that upon resolution of all third-party claims and entry of a final order of forfeiture, that said property be disposed of in accordance with law:

(a) All bitcoin ("BTC") and bitcoin cash ("BCH") owned by Thomas in wallets and/or accounts held through third-party currency exchange Coinbase (approximately 279.543012 BTC and 279.543012 BCH), including any and all proceeds from the sale of such BTC/BCH;

(b) $21,386.82 in funds previously held in Account No. 3421147038 at Wells Fargo Bank and currently in United States custody;

(c) $311,505.29 in funds previously held by Proper Title, LLC in escrow accounts PTE2016-0029 and PTE2016-035 and currently in United States custody; and

(d) $74,393.99 in funds currently held in PayPal Account No. 2183196777430659640 under the name "Griffin Mill."

(iv) that the Court retain jurisdiction over this matter for the purposes of amending the Order of Forfeiture to include any subsequently located substitute assets; and

(v) that the Court deny the Government's previous motion for a preliminary order of forfeiture at D.E. 104 as moot.

7

Respectfully submitted this 2nd day of July, 2019.

                        ROBERT J. HIGDON, JR.
                        United States Attorney


                        BY:    /s/ John E. Harris
                                JOHN E. HARRIS
                        Assistant United States Attorney
                        Civil Division
                        310 New Bern Avenue
                        Federal Building, Suite 800
                        Raleigh, NC 27601-1461
                        Telephone: (919) 856-4530
                        Facsimile: (919) 856-4821
                        E-mail: john.harris5@usdoj.gov
                        NC State Bar #49253
                        Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that I have on this 2nd day of July, 2019, served a copy of the foregoing Amended Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Geoffrey Ryan Willis
Email: ryan@dysartwillis.com

Christian Emerson Dysart
Email: christian@dysartwillis.com

Meredith Woods Hubbard
Email: meredith@dysartwillis.com

        ROBERT J. HIGDON, JR.
        United States Attorney

        BY:   /s/ John E. Harris
               JOHN E. HARRIS
        Assistant United States Attorney
        Civil Division
        310 New Bern Avenue
        Federal Building, Suite 800
        Raleigh, NC 27601-1461
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: john.harris5@usdoj.gov
        NC State Bar #49253
        Attorney for Plaintiff