IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-00298-D

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| TREYTON LEE THOMAS | : |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement by the defendant on October 2, 2018, the defendant's guilty plea to an offense in violation of 18 U.S.C. § 1343, and all other evidence of record, the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. § 982(a)(2)(A), to wit:

(a) $322,085.37 in United States currency; and

(b) $6,960,438.63 in additional proceeds that the defendant personally obtained directly or indirectly as a result of the said violation of 18 U.S.C. § 1343.

With respect to the $6,960,438.63 in forfeitable proceeds, pursuant to 21 U.S.C. § 853(p) and based upon the evidence of record presented by the government, the Court further finds that by the defendant's act or omission, said property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; and/or has been substantially diminished in value. Accordingly, the Court finds that the following other property of said defendant, up to the value of the above-listed directly forfeitable proceeds, shall be forfeited as substitute property:

1

(i) All bitcoin ("BTC") and bitcoin cash ("BCH") owned by Thomas in wallets and/or accounts held through third-party currency exchange Coinbase (approximately 279.543012 BTC and 279.543012 BCH), including any and all proceeds from the sale of such BTC/BCH;

(ii) $21,386.82 in funds previously held in Account No. 3421147038 at Wells Fargo Bank and currently in United States custody;

(iii) $311,505.29 in funds previously held by Proper Title, LLC in escrow accounts PTE2016-0029 and PTE2016-035 and currently in United States custody; and

(iv) $74,393.99 in funds currently held in PayPal Account No. 2183196777430659640 under the name "Griffin Mill."

AND WHEREAS, by virtue of said guilty plea and the defendant's agreement therein, and other evidence of record, the United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to immediately seize the specific property subject to forfeiture, including the four categories of substitute assets set forth above; and to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the plea of guilty by the defendant, Treyton Lee Thomas, and other evidence of record, the United States is hereby authorized to seize

the above-stated directly forfeitable and substitute property as allowed by Fed. R. Crim. P. 32.2(b)(3), and all such property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. That based upon the defendant's agreement to voluntarily relinquish and forfeit $6,960,438.63 in proceeds from his violation of 18 U.S.C. § 1343, and upon the government's showing that the defendant has by his own acts or omissions made said proceeds unavailable, and that one or more of the conditions to forfeit substitute assets exists, as set forth in Title 21, United States Code, Section 853(p), the United States is entitled to forfeit additional substitute assets equal to the value of the proceeds obtained by the defendant, and that such substitute assets shall not exceed $6,960,438.63 in value. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in whole or in part. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund or the U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

3. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order

shall be final as to the defendant upon entry.

4. That pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the above-referenced directly forfeitable and substitute property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c)(2).

6. That to the extent that the forfeiture or sale of any tangible personal property, including substitute property, is adequate to satisfy this Order in the amount of $6,960,438.63 in forfeitable proceeds, in whole or in part, the United States shall promptly file a Notice of Satisfaction to the extent it is so satisfied.

7. That the Court shall retain jurisdiction over this matter for the purpose of enforcing the defendant's discovery obligations and amending the Order of Forfeiture to include any subsequently located substitute assets.

4

Case 5:16-cr-00298-D   Document 131-2   Filed 07/02/19   Page 4 of 5

8. That the Motion for Preliminary Order of Forfeiture filed by the Government on February 1, 2019 at D.E. 104 is hereby denied as moot.

SO ORDERED, this ___ day of July, 2019.

 

_____
JAMES C. DEVER, III
United States District Judge