# United States District Court For the Eastern District of North Carolina – Greenville

## Declaration of Victim Losses

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| | ) | |
| v. | ) | 16-CR-00298 |
| | ) | |
| | ) | |
| Treyton L. Thomas | ) | |

Dealers Assurance Company, located at 240 N. Fifth Street, Suite 350, in the City of Columbus, in the State of Ohio, 43215, is a victim in the above referenced case and we believe that we are entitled to restitution in the total amount of ranging from $2,000,000 to $5,000,000, depending on the outcome of litigation in which it is alleged that Dealers Assurance Company is responsible for the financial losses caused by this offense.

Dealers Assurance Company's specific losses as a result of this offense are summarized in the attached Exhibit A.

No portion of Dealers Assurance Company's losses has been compensated by insurance or another source.

As a result of this offense, Dealers Assurance Company has (check all that apply): **None apply**

[ ] become insolvent;
[ ] filed for bankruptcy under the Bankruptcy Code (Title 11, United States Code);
[ ] suffered substantial loss of a retirement, education, or other savings or investment fund;
[ ] made substantial changes to my employment (such as postponing retirement plans);
[ ] made substantial changes to my living arrangements (such as relocating to a less expensive home); or
[ ] suffered substantial harm to my ability to obtain credit.

Dealers Assurance Company declares under penalty of perjury the foregoing is true and correct.

By: _[signature]_
Kirk A. Borchardt, Executive Vice President and General Counsel

Executed on the 26th day of November, 2018.

Attachments: Exhibit A

# United States District Court For the Eastern District of North Carolina – Greenville

## Declaration of Victim Losses

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| | ) | |
| v. | ) | 16-CR-00298 |
| | ) | |
| | ) | |
| Treyton L. Thomas | ) | |

## EXHIBIT A

### Description of Specific Losses

Dealers Assurance Company (the "Company") is a licensed insurance company. The Company insures automobile mechanical breakdown repair agreements ("Repair Agreements") issued by unrelated third parties to individual consumers. The Company's insurance guarantees the performance by the issuer of the Repair Agreements (the "Issuer") in the event the Issuer becomes insolvent or is unable to pay covered claims.

The Company's oldest and most trusted insured/Issuer was NC&VA Warranty, Inc. ("NCVA"), a company based in Roxboro, North Carolina. In common with other Issuers of Repair Agreements, NCVA collected funds from consumers and maintained reserves for future claims and cancellation refunds. As a condition of issuing its insurance, the Company requires all Issuers to collateralize the reserves with the Company by either (i) placing the reserves in a trust account under a trust agreement naming a bank or trust company as the trustee, the Company as the beneficiary, and the Issuer as the grantor; or (ii) provide the Company with a clean, unconditional letter of credit issued by a suitable financial institution in the amount of the reserves (the "Collateral Requirements"). Prior to 2006, NCVA had fulfilled the Collateral Requirements by furnishing to the Company a bank letter of credit.

In 2006, the founder and owner of NCVA, Ronnie Thomas, asked DAC to work with his son, defendant Treyton Thomas, in establishing a trust account to satisfy the Collateral Requirements. The request to convert from a letter of credit to a trust account was a very logical decision as the former is a more expensive option. DAC was instructed to deal with the defendant in all respects as a company employee and representative with plenary authority to act for NCVA. From that time to the present, DAC and its employees have lived an incomprehensible nightmare that continues today.

After establishing the trust account at U.S. Bank, a large, reputable commercial bank with offices located nationwide, the defendant proceeded to abscond with all the of the trust assets, all under the watchful eyes of U.S. Bank employees and DAC employees. Under the guise of transferring

the trust assets to a more sophisticated investment advisor, an act that was permitted by the governing trust agreement, the defendant engaged in a course of conduct designed to conceal from U.S. Bank and DAC that he had diverted the trust assets to his own use. He fabricated investment statements and trust statements utilizing corporate logos copied from the internet, and he cajoled DAC and U.S. Bank employees into believing that the statements were genuine, all with the civility and manners that made Ronnie Thomas so proud of the defendant. He utilized an illusory investment company to divert assets from the trust. In 2009, U.S. Bank began to question the strength of the trust structure, but with a quick sleight of hand, the defendant re-established the trust account at Fidelity Bank in Durham, North Carolina, and proceeded to conceal his fraud from Fidelity and DAC employees until 2012. Throughout this entire time, no one at DAC had the slightest inkling that the defendant had stolen the trust assets.

With the trust assets gone, it was not long before NCVA was unable to pay its Repair Agreement claims and DAC started to pay the claims. Eventually NCVA went out of business and declared bankruptcy. To add a huge insult to the injuries caused by Mr. Thomas, the bankruptcy trustee in the NCVA bankruptcy proceeding has brought an adversary proceeding against DAC for its role in the defendant's achievements – being a perfect, trusting dupe. DAC is now being asked to pay the bankrupt NCVA $3,950,000 in assets taken by the defendant, the trusted son of the NCVA founder. DAC has expended over $1,146,048 in legal fees in defense of itself and has paid just under $1,000,000 in NCVA repair claims that would have been covered by the stolen trust funds.

- 2 -

Case 5:16-cr-00298-D    Document 136-5    Filed 07/18/19    Page 3 of 3    GOVERNMENT EXHIBIT 5