# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), dated as of April 18, 2019, is made by and between the Bankruptcy Estate of NC & VA Warranty Company, Inc., by and through Sara A. Conti as chapter 7 trustee (the "Bankruptcy Estate"), Dealers Assurance Company ("DAC"), and The Fidelity Bank ("Fidelity", and together with the Bankruptcy Estate and DAC, the "Parties").

WHEREAS, on January 7, 2015 (the "Petition Date"), NC & VA Warranty Company, Inc. (the "Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), seeking relief under Chapter 7 of the Bankruptcy Code. The underlying bankruptcy case (the "Bankruptcy Case") is Case No. 15-80016. Sara A. Conti (the "Trustee") is the duly-appointed chapter 7 trustee for the Bankruptcy Estate.

WHEREAS, the Parties are parties to a certain adversary proceeding pending before the Bankruptcy Court, Adv. Pro. No. 15-09032 (the "Adversary Proceeding").

WHEREAS, the Trustee represents on behalf of the Bankruptcy Estate that this settlement set forth herein is sufficient to ensure a 100% dividend to timely-filed, allowed unsecured claims of the priority set forth in section 726(a)(2) of the Bankruptcy Code.

WHEREAS, after mediation, discussion and negotiation, the Parties have agreed to resolve all outstanding matters between them, pursuant to the terms of this Agreement.

NOW, THEREFORE, the Parties hereby agree as follows:

1. Within seven (7) days after the Order approving this Agreement becomes final and non-appealable, DAC will make a payment to the Bankruptcy Estate in the amount of One Million Dollars ($1,000,000). The payment shall be made via check payable to "Sara Conti, Trustee." The check shall be delivered to P.O. Box 939, Carrboro, NC 27510. This shall be the entire amount that DAC shall pay. DAC shall have no responsibility to pay any further amount in attorney fees, other fees, commissions or costs. Effective immediately upon the receipt of this settlement payment, the Trustee and the Bankruptcy Estate hereby waive and release any and all claims, including, but not limited to the claims which were or which could have been asserted by the Trustee and Bankruptcy Estate, against DAC and its current and former officers, directors, shareholders, employees, agents, representatives, insurers, successors in interest, and affiliates of any nature, whether known or unknown, as of the date of this Agreement, including but not limited to the claim asserted against DAC in the Adversary Proceeding. The Trustee and the Bankruptcy Estate and DAC hereby covenant not to sue or to otherwise pursue claims against each other, and, in respect to DAC, its current and former directors, officers, shareholders, employees, agents, representatives, insurers, successors in interest and affiliates, and, in respect to the Trustee and Bankruptcy Estate, any successor Trustee and the agents and attorneys of the Trustee and any successor Trustee. As used herein, the term "claim" has the broad meaning ascribed to it in the Bankruptcy Code.

GOVERNMENT EXHIBIT 6

2.      Within seven (7) days after the Order approving this Agreement becomes final and non-appealable, Fidelity or its insurer shall make a payment to the Bankruptcy Estate in the amount of One Million Sixty-Two Thousand Five Hundred Dollars and no cents ($1,062,500.00). The payment shall be made via check payable to "Sara Conti, Trustee." The check shall be delivered to P.O. Box 939, Carrboro, NC 27510. This shall be the entire amount that Fidelity shall pay. Fidelity shall have no responsibility to pay any further amount in attorney fees, other fees, commissions or costs. Effective immediately upon the receipt of this settlement payment, the Trustee and the Bankruptcy Estate hereby waive and release any and all claims, including, but not limited to the claims which were or which could have been asserted by the Trustee and Bankruptcy Estate, against Fidelity, its current and former directors, officers, shareholders, employees, agents, representatives, insurers, successors in interest and affiliates, of any nature, whether known or unknown, as of the date of this Agreement, including but not limited to the claims asserted against Fidelity in the Adversary Proceeding. As used herein, the term "claim" has the broad meaning ascribed to it in the Bankruptcy Code. The Trustee and the Bankruptcy Estate and Fidelity hereby covenant not to sue or to otherwise pursue claims against each other, and, in respect to Fidelity, its current and former directors, officers, shareholders, employees, agents, representatives, insurers, successors in interest and affiliates, and, in respect to the Trustee and the Bankruptcy Estate, any successor Trustee and the agents and attorneys of the Trustee and any successor Trustee. As

GOVERNMENT EXHIBIT 6

used herein, the term "claim" has the broad meaning ascribed to it in the Bankruptcy Code.

3. Promptly upon the Trustee making the interim distributions referred to in Paragraph 9 below, DAC, Fidelity and the Trustee shall enter into and file a joint stipulation of voluntary dismissal, with prejudice, of the Adversary Proceeding.

4. It is expressly understood and agreed by the parties hereto that this Agreement shall be of no force and effect if and in the event of a properly noticed appeal of any order of the court approving this settlement and, in the event of such an appeal, there would be no settlement as set forth herein, and the Adversary Proceeding would be placed on the calendar for trial.

5. DAC and Fidelity hereby waive and release any and all claims against each other, the Bankruptcy Estate and the Trustee, any successor Trustee and the agents and attorneys of the Trustee and any successor Trustee of any nature, including, but not limited to the claims which were or which could have been asserted by DAC and Fidelity against the Trustee or the Bankruptcy Estate, whether known or unknown, as of the date of this Agreement. Provided however, this waiver and release does not include DAC's rights and claims provided for under this Agreement in respect to the Bankruptcy Estate and the Trustee, including but not limited to (i) the right to receive the interim distribution in full payment of its general unsecured claim and (ii) its right to receive distributions of any surplus of the settlement funds referenced above in reimbursement of its settlement payment.

GOVERNMENT EXHIBIT 6

6. DAC shall have an allowed general unsecured claim in the amount of $1,037,500.

7. The contingent fee to which Hagan Barrett PLLC shall be entitled to in connection with its services to the Bankruptcy Estate shall be fixed at $485,668.15.

8. The commission and attorney's fees to which the Trustee shall be entitled to receive in connection with the Bankruptcy Case shall be capped at $110,000.

9. Within fifteen (15) calendar days of the receipt of the $2,062,500 in settlement payments from DAC and Fidelity described above, the Trustee, on behalf of the Bankruptcy Estate, shall make the following interim distributions: (i) $485,668.15 to Hagan Barrett PLLC, as its contingent fee in connection with this Adversary Proceeding, (ii) $12,675 to Rebecca Lee, in payment of her priority unsecured claim (Claim No. 11), (iii) $3,740 to Barbara Winstead, in payment of her priority unsecured claim (Claim No. 12), (iv) $6,000 to Robert Puckett in payment of his priority unsecured claim (Claim No. 13), and (v) $1,037,500 to DAC in payment of its allowed general unsecured claim.

10. In the event there are funds remaining from the $2,062,500 in settlement payments from DAC and Fidelity described above, after payment in full of all timely-filed allowed claims (i.e., the distribution priority in section 726(a)(2) of the Bankruptcy Code), such remaining funds, if any, shall be paid by the Trustee to DAC in reimbursement of its settlement payment. Provided however, in no event

GOVERNMENT EXHIBIT 6

shall DAC be entitled to receive surplus funds in excess of the amount of its settlement payment above.

11.  This Agreement is subject to approval by the Bankruptcy Court. The Bankruptcy Estate, Trustee, DAC and Fidelity waive all rights of appeal, and they shall not appeal, the Order approving this Agreement.

12.  To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

13.  This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

14.  This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination.

15.  The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The order approving this Agreement shall provide that the terms of this Agreement are incorporated into the order, and that any breach of this Agreement is enforceable to the same extent as if it were a violation of the Bankruptcy Court's order. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the

GOVERNMENT EXHIBIT 6

Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

16. The Trustee shall provide to DAC and Fidelity properly completed W-9 forms before DAC and Fidelity make payment.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the day and year first above written.

DEALERS ASSURANCE COMPANY

By: Kristen Gruber
Title: President

THE FIDELITY BANK

By: David E. Royal
Title: Executive Vice President and Vice Chairman

THE BANKRUPTCY ESTATE OF NC & VA WARRANTY COMPANY, INC.

*Sara A. Conti*

By: Sara A. Conti
Title: Trustee