**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4698

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TREYTON LEE THOMAS, a/k/a Tracy Lee Thomas, a/k/a Trayton Thomas, a/k/a T. L. Thomas, a/k/a Lee Thomas, a/k/a Erick Stratton,

        Defendant - Appellant.

No. 19-4699

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TREYTON LEE THOMAS, a/k/a Tracy Lee Thomas, a/k/a Trayton Thomas, a/k/a T. L. Thomas, a/k/a Lee Thomas, a/k/a Erick Stratton,

        Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:18-cr-00087-D-1; 5:16-cr-00298-D-1)

Submitted:  July 31, 2020                                      Decided:  August 14, 2020

2

Before MOTZ and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Susan B. Menzer, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Treyton Lee Thomas appeals his convictions for income tax evasion, in violation of 26 U.S.C. § 7201, and wire fraud, in violation of 18 U.S.C. § 1343. Thomas asserts that the Government breached the plea agreement by advocating for an obstruction of justice Sentencing Guidelines enhancement and by asserting that he was ineligible for a Guidelines reduction for acceptance of responsibility. Thomas also asserts that his within-Guidelines sentence is procedurally and substantively unreasonable. We affirm in part and dismiss in part.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). We will "enforce a plea agreement's plain language in its ordinary sense," and any ambiguities in the agreement are construed against the Government as the drafter. *United States v. Under Seal*, 902 F.3d 412, 417-18 (4th Cir. 2018) (internal quotation marks omitted). Because Thomas did not challenge the Government's purported breach of the plea agreement in the district court, we review for plain error. *Edgell*, 914 F.3d at 286. "Under that standard, [Thomas] must show that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87.

We conclude that the Government did not breach the plea agreement. The Government did not stipulate in the plea agreement that a Guidelines enhancement for obstruction of justice was unwarranted. Thus, the Government was under no obligation

not to advocate for the obstruction enhancement. We further conclude that the Government was free to assert that a downward adjustment for acceptance of responsibility was unwarranted after Thomas failed to meet his obligations under the plea agreement. We affirm this portion of the appeal.

In the plea agreement, Thomas waived his right to appeal the convictions and whatever sentence was imposed on any ground. "A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, this Court looks to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, we consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

We conclude that Thomas knowingly and voluntarily waived his right to appeal whatever sentence was imposed. Thomas' assertions that his Guidelines sentence was improperly increased due to the obstruction of justice enhancement and calculated without

4

the agreed-upon reduction for acceptance of responsibility are issues within the scope of the valid appeal waiver.  We further conclude that Thomas' assertion that his within-Guidelines sentence is substantively unreasonable is also within the scope of the appeal waiver.  Accordingly, we will enforce the appeal waiver and dismiss this portion of the appeal.

     We affirm in part and dismiss in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*