**LAST WILL AND TESTAMENT**
**OF**
**WILLIAM J. STONE**

Prepared by

Mark T. Hurt
Attorney At Law
159 West Main Street
Abingdon, VA 24210
(276) 623-0808

GOVERNMENT
EXHIBIT

C

# LAST WILL AND TESTAMENT OF WILLIAM J. STONE

I, WILLIAM J. STONE, of Sullivan County, Tennessee, revoke any prior wills and codicils and declare this to be my Will.

## ARTICLE I
### Family Information

My children born before the date of my Will are Cheryl Ann Stone, Patricia Louise Stone and William Wesley Stone.

## ARTICLE II
### Tangible Personal Property

**A.** **Memorandum of Wishes.** I may leave a writing disposing of some or all of my tangible personal property. If I do so, and the writing can be incorporated by reference into this Will or otherwise be legally binding, I direct that it be incorporated or followed and prevail over the disposition below in this Article. If the writing is not legally binding, I request that my wishes be followed. This provision shall apply whether the writing is executed before or after this Will.

**B.** **Gift Includes Insurance.** A gift of property under this Article includes my rights under any insurance policies related to such property or the proceeds of such policies.

## ARTICLE III
### Cash Legacies

**A.** **Unconditional Cash Legacies.** I give the following cash gifts:

    1.    to my grandson    , if he survives me, the sum of Ten Thousand Dollars ($10,000).

    2.    to my grandson    , if he survives me, the sum of Ten Thousand Dollars ($10,000).

## ARTICLE IV
### Residue

**A.** **Descendants.** I give my residuary estate, real and personal, to my descendants who survive me, *per stirpes.*

-1-

## ARTICLE V
## Takers of Last Resort

My Executors or the Trustees shall distribute any property that is not otherwise disposed of under my Will to the following in the following percentages: Emory & Henry College (50%) and First Presbyterian Church, Florida Avenue, Bristol, Tennessee (50%).

## ARTICLE VI
## Maximum Duration for Trusts

**A.** **Maximum Duration for Trusts Defined.** The Maximum Duration for Trusts is the longest period that property may be held in trust under this Will under any applicable rules limiting the maximum duration of trusts (such as any rules governing perpetuities, vesting, accumulations, or the suspension of alienation.)

## ARTICLE VII
## Payments to Minors

Whenever income or principal becomes for any reason distributable to a person under twenty-one (21) years of age (described herein as the "Minor" regardless of the actual legal age of majority), my Executors or the Trustees may make the distribution in any way in which my Executors or the Trustees shall deem appropriate, including (but not limited to) those enumerated in this Article:

**A.** **Distribution to Trust.** My Executors or the Trustees may hold the property in a separate trust for the Minor until the Minor attains twenty-one (21) years of age. My Executors or the Trustees may distribute to the Minor as much of the net income and/or principal of the trust as my Executors or the Trustees may from time to time determine, for any purpose, annually adding to principal any undistributed net income. When the Minor reaches twenty-one (21) years of age, my Executors or the Trustees shall distribute the property to the Minor, if then living, or otherwise:

1. to the Minor's descendants surviving the Minor, *per stirpes* or in default thereof,

-2-

2. if the Minor was a grandchild or more remote descendant of mine, with descendants then living, to the descendants then living, *per stirpes* of the Minor's nearest ancestor who was a descendant of mine, or in default thereof

3. to my descendants then living, *per stirpes*,

**B. Distribution to Custodian.** My Executors or the Trustees may distribute the property to a custodian under any state's version of the Uniform Transfers (or Gifts) to Minors Act, including a custodian selected by my Executors or the Trustees. My Executors or the Trustees may select any age for termination of the custodianship permitted under the Act, giving due consideration to selecting twenty-one (21) years of age if that is permitted.

**C. Distribution to Donee of a Power During Minority.** My Executors or the Trustees may actually distribute the property to anyone serving as Trustee under this Will, in a manner so that it then vests in the Minor, to hold the same as donee of a power during minority, such donee to have all the powers of a Trustee under this Will (including the power to apply the property for the Minor) and to be compensated as if the property were a separate trust, but with no duty to account to any court periodically or otherwise.

**D. Distribution to a Guardian of a Minor's Property.** My Executors or the Trustees may distribute the property to a guardian of the Minor's property.

**E. Distribution to a Minor's Parent.** My Executors or the Trustees may distribute the property to a parent of the Minor even if the parent does not assume any formal fiduciary capacity concerning the property. Distributions shall be made to a parent of a beneficiary only if the parent either is a descendant of mine or was married to a descendant of mine at the date of death of the descendant of mine who was the spouse of the parent to receive the distribution.

**F. Distribution Directly to a Minor.** My Executors or the Trustees may distribute the property directly to the Minor if the Minor has attained fourteen (14) years of age and has the practical capacity to own the type and amount of property in question.

-3-

   **G.** **Exoneration of Fiduciary for Distributions for Minor.** My Executors or the Trustees shall be free from any responsibility for the subsequent disposition of the property if it is distributed in one of the ways specified in this Article.

**ARTICLE VIII**
**Spendthrift Provision**

   **A.** **No Assignment.** No interest in any trust hereunder shall be subject to the beneficiary's liabilities or creditor claims, assignment or anticipation.

   **B.** **Protection from Creditors.** If the Trustees shall determine that a beneficiary would not benefit as greatly from any outright distribution of trust income or principal because of the availability of the distribution to the beneficiary's creditors, the Trustees shall instead expend those amounts for the benefit of the beneficiary.  This direction is intended to enable the Trustees to give the beneficiary the maximum possible benefit and enjoyment of all of the trust income and principal to which the beneficiary is entitled.

**ARTICLE IX**
**Retirement Benefits**

   The following provisions concern any Qualified Retirement Benefits that become distributable under this Will (whether directly or through my estate) by reason of my death. "Qualified Retirement Benefits" means amounts held in or payable pursuant to a plan (of whatever type) qualified under Code Sec. 401 or an individual retirement arrangement under Code Sec. 408 or Code Sec. 408A or a tax-sheltered annuity under Code Sec. 403 or any other benefit subject to the distribution rules of Code Sec. 401(a)(9).

   **A.** **Selection of "Payout Schedule".** The Trustees may in the Trustees' absolute discretion exercise any right to determine the manner and timing of payment of Qualified Retirement Benefits that is available to the recipient of the benefits, but the Trustees must exercise such rights in a manner consistent with the federal income tax rules regarding required minimum distributions under Code Sec. 401(a)(9).

-4-

## ARTICLE X
## Payment of Death Taxes

      **A.**    **All Apportioned.**  All estate, inheritance, legacy, succession, generation-skipping, or other wealth transfer taxes that result from my death and that are imposed by any domestic or foreign taxing authority with respect to all property taxable by reason of my death, together with interest and penalties on those taxes, shall be apportioned to such property and paid from such property by those succeeding to such property, taking into account the provisions of any instrument governing such property, the provisions of the Internal Revenue Code, and the provisions, if any, of other applicable law apportioning such taxes, charging such taxes only against those assets generating the tax.

      **B.**    **Modifications.**  However, the following clarifications and/or modifications of the general rule set forth in the preceding paragraph shall apply:

          1.    All taxes generated by my residuary estate shall be apportioned within my residuary estate to the share or shares generating the tax, but shall not be apportioned between current and future interests such as a life estate and remainder even if one and not the other is taxable.

          2.    Taxes on Qualified Retirement Benefits shall be paid out of my estate as an administration expense without apportionment and with no right of reimbursement from the recipient or recipients of these benefits, and before any determination of my residuary estate or of any shares or interests therein.

      **C.**    **Reference to Code.**  I hereby make specific reference to Code Sec. 2207A (concerning tax on QTIP property), Code Sec. 2207B (concerning tax on property included under Code Sec. 2036), and Code Sec. 2603(b) (concerning the generation-skipping transfer tax under Chapter 13) and to corresponding provisions of state law and I direct that they shall apply to the extent they are consistent with the above, and shall not apply to the extent they are inconsistent with the above.

-5-

# ARTICLE XI
## Executors and Trustees

**A.      Initial Appointments.**

      1.      I appoint Cheryl Ann Stone, my daughter, to be an Executor of this Will and Trustee of each trust hereunder.

      2.      I also appoint William Wesley Stone, my son, to be an Executor of this Will and Trustee of each trust hereunder.

      3.      Multiple Executors or Trustees, whether named by me or by another Executor or Trustee, shall serve together and each may serve even if one or more of them shall fail or cease to serve for any reason.

**B.      Additional Provisions Regarding Changes in Fiduciaries.**

      1.      Any Executor or Trustee may resign at any time without court approval, whether or not a successor has been appointed.

      2.      Each individual Executor and Trustee (including successors) shall have the right to appoint a successor individual Executor or Trustee by an instrument in writing, such appointment to take effect upon the death, resignation or incapacity of the appointing Executor or Trustee.  An appointment may be changed or revoked until it takes effect.  If I have named a successor or successors to the appointing Executor or Trustee in this Will, the appointment of a successor under this paragraph shall take effect only if and when all persons that I have appointed fail to qualify or cease to act.

      3.      The individuals (and any corporation) acting as my Executors or the Trustees may at any time acting unanimously by written instrument appoint an individual or a corporation with fiduciary powers as a Co-Executor or Co-Trustee.

      4.      If the office of Executor or Trustee of a trust is vacant, and no successor takes office pursuant to any other provision of this Will, an individual or corporation with fiduciary powers may be appointed as Executor or Trustee by a majority of my adult descendants then living and competent.

-6-

5. No successor Trustee shall be personally liable for any act or failure to act of any predecessor Trustee or shall have any duty to examine the records of any predecessor Trustee. A successor Trustee may accept the account rendered and the property delivered to the successor Trustee by or on behalf of the predecessor Trustee as a full and complete discharge of the predecessor Trustee without incurring any liability or responsibility for so doing. The successor Trustee shall be indemnified out of trust property for any and all claims, demands, losses, liabilities, damages and expenses arising from any act or omission of prior Trustees occurring before the date the trust property was received by the successor Trustee.

6. An Executor or Trustee may be appointed pursuant to this Article for a limited purpose or to hold only specified powers.

C. **Accountings and Other Proceedings.**

1. I direct that my estate or a trust hereunder be subject to independent administration with as little court supervision as the law allows. My Executors and the Trustees shall not be required to render to any court annual or other periodic accounts, or any inventory, appraisal, or other returns or reports, except as required by applicable state law. My Executors and the Trustees shall take such action for the settlement or approval of accounts at such times and before such courts or without court proceedings as my Executors or the Trustees shall determine. My Executors or the Trustees shall pay the costs and expenses of any such action or proceeding, including (but not limited to) the compensation and expenses of attorneys and guardians, out of the property of my estate or the trust. The Trustees shall not be required to register any trust hereunder.

2. I direct that in any proceeding relating to my estate or a trust hereunder, service upon any person under a legal disability need not be made when another person not under a disability is a party to the proceeding and has the same interest as the person under the disability. The person under the disability shall nevertheless be bound by the results of the proceeding. The same rule shall apply to non-judicial settlements, releases, exonerations, and indemnities.

-7-

**D.    Fiduciary Powers.**  My Executors and the Trustees may, without prior authority from any court, exercise all powers conferred by this Will or by common law or by any fiduciary powers act or other statute of the State of Tennessee or any other jurisdiction whose law applies to this Will or to any trust hereby created, including without limitation the introductory paragraph of and all powers contained in T.C.A. section 35-50-110, which are hereby incorporated into this Will.  My Executors and the Trustees shall have absolute discretion in exercising these powers.  Except as specifically limited by this Will, these powers shall extend to all property held by my Executors and the Trustees until the actual distribution of the property.  The powers of my Executors and the Trustees shall include the following powers:

1.    My Executors or the Trustees may sell or exchange any real or personal property contained in my estate, for cash or credit, at public or private sale, and with such warranties or indemnifications as my Executors or the Trustees may deem advisable.

2.    My Executors or the Trustees may grant security interests and execute all instruments creating such interests upon such terms as my Executors or the Trustees may deem advisable.

3.    My Executors or the Trustees may make all tax elections and allocations my Executors or the Trustees may consider appropriate, including any election to treat a revocable trust created by me as part of my estate for income tax purposes; however, this authority is exercisable only in a fiduciary capacity and may not be used to enlarge or shift any beneficial interest except as an incidental consequence of the discharge of fiduciary duties.  Tax elections and allocations made in good faith shall not require equitable adjustments.

4.    My Executors or the Trustees may distribute any of my estate to a beneficiary under twenty-one (21) years of age by distribution to any appropriate person (who may be an Executor) chosen by my Executors or the Trustees as custodian under any appropriate Uniform Transfers (or Gifts) to Minors Act, to be held for the maximum period of time allowed by law.  My Executors or the Trustees may also sell any asset that cannot be held under this custodianship and invest the sales proceeds in assets that can be so held.

-8-

5. My Executors or the Trustees may divide and distribute the assets of my estate in kind, in money, or partly in each, without regard to the income tax basis of any asset and without the consent of any beneficiary. The decision of my Executors or the Trustees in dividing any portion of my estate between or among multiple beneficiaries shall be binding on all persons.

6. My Executors or the Trustees (excluding, however, any Interested Trustee) may allocate receipts and disbursements to income or principal in such manner as my Executors or the Trustees (excluding, however, any Interested Trustee) shall determine, even though a particular allocation may be inconsistent with otherwise applicable state law. My Executors shall follow any direction by the Trustees of a trust (excluding, however, any Interested Trustee) with respect to allocations affecting property passing to that trust.

7. My Executors or the Trustees (excluding, however, any Interested Trustee) may amortize in whole or in part the premium on securities received or purchased at a premium, or treat as income the gross return from such securities. I anticipate (but I do not direct) that the Trustees will consider amortization when failure to amortize would result in a substantial impairment of principal. My Executors shall follow any direction given by the Trustees of a trust (excluding, however, any Interested Trustee) with respect to amortizations affecting property passing to that trust.

**E.      Exoneration from Security.** No Executor or Trustee shall be required to give bond or other security in any jurisdiction, and if despite this exoneration a bond is nevertheless required, no sureties shall be required.

**F.      Additional General Provisions Regarding Fiduciaries.**

1. My Executors may make distributions directly from my estate to beneficiaries of a trust hereunder, but only at the direction of the Trustees authorized to make such distributions.

2. Under this Will, if two or more separate trusts with the same beneficiaries and same terms are created, either by direction or pursuant to the exercise of discretion, I intend that the

-9-

separate trusts may but need not have the same investments and may but need not follow the same pattern of distributions. The Trustees' powers shall be exercisable separately with respect to each trust.

3. Except to the extent specifically provided otherwise in this Will, references to my Executors or the Trustees shall, in their application to my estate or a trust hereunder, refer to all those from time to time acting as Executors or Trustees of that Trust and if two or more Executors or Trustees are eligible to act on a given matter they shall act by majority. In the exercise of discretion over distributions, if this Will provides that certain Trustees may participate in distributions limited by an ascertainable standard, while a different set of Trustees may participate in distributions for any purpose, if the two sets of Trustees (each acting by its own majority) want to distribute the same item of income or principal to different recipients, the distribution desired by the set of Trustees participating in distributions for any purpose shall prevail.

4. Individual Executors and Trustees shall receive compensation in accordance with the laws of the State of Tennessee in effect at the time of payment, unless the Executor or Trustee waives compensation; provided that my descendants shall serve without compensation. A corporate Executor or Trustee shall be compensated by agreement with the individual Executor or Trustee or in the absence of such agreement in accordance with its fee schedule as in effect at the time of payment. I authorize a corporate Executor or Trustee to charge additional fees for services it provides to my estate or a trust hereunder that are not comprised within its duties as Executor or Trustee, for example: a fee charged by a mutual fund it administers in which my estate or a trust hereunder invests, a fee for providing an appraisal, or a fee for providing corporate finance or investment banking services. I also recognize that a corporate Executor or Trustee may charge separately for some services comprised within its duties as Executor or Trustee, for example: a separate fee for investing cash balances or preparing tax returns. Such separate charges shall not be treated as improper or excessive merely because they are added on to a basic fee in calculating total compensation for service as Executor or Trustee. Insurance proceeds and retirement benefits payable to my estate shall not be subject to Executor's compensation.

-10-

5. No Executor or Trustee shall be liable to anyone for anything done or not done by any other Executor or Trustee or any beneficiary.

6. The fact that an Executor or Trustee is active in the investment business shall not be deemed a conflict of interest, and purchases and sales of investments may be made through a corporate Executor or Trustee or through any firm of which a corporate or individual Executor or Trustee is a partner, shareholder, proprietor, associate, employee, owner, subsidiary, affiliate or the like. Property of my estate or a trust hereunder may be invested in individual securities, mutual funds, partnerships, private placements, or other forms of investment promoted, underwritten, managed or advised by an Executor or Trustee or such a firm.

7. My Executors and the Trustees may employ and rely upon advice given by investment counsel, delegate discretionary investment authority over investments to investment counsel, and pay investment counsel reasonable compensation in addition to fees otherwise payable to my Executors or the Trustees, notwithstanding any rule of law otherwise prohibiting such dual compensation. My Executors and the Trustees may acquire and retain investments that present a higher degree of risk than would normally be authorized by the applicable rules of fiduciary investment and conduct. No investment, no matter how risky or speculative, shall be absolutely prohibited, so long as prudent procedures are followed in selecting and retaining the investment and the investment constitutes a prudent percentage of the trust. My Executors and the Trustees may but need not favor retention of assets originally owned by me. My Executors and the Trustees shall not be under any duty to diversify investments regardless of any rule of law requiring diversification. My Executors and the Trustees may retain and acquire property that does not produce income, subject to any restrictions or qualifications of this power set forth elsewhere in this Will.

8. The fact that an Executor or Trustee (or a firm of which an Executor or Trustee is a member or with which an Executor or Trustee is otherwise affiliated) renders legal or other professional services to my estate or a trust hereunder shall not be deemed a conflict of interest, and my Executors or the Trustees may pay fees for such services to such Executor or Trustee or firm without prior approval of any court or any beneficiary, whether or not there is a Co-Executor or Co-Trustee to approve

-11-

such payment.  An attorney or other Executor or Trustee who also renders professional services shall receive full compensation for both services as Executor or Trustee and the professional services rendered, except as specifically limited by law.

9.    No state law restraint on acts of self-dealing by a fiduciary shall apply to an Executor or Trustee who is a descendant of mine.  Except when prohibited by another provision of this Will, such an Executor or Trustee may enter into transactions on behalf of my estate or a trust hereunder in which that Executor or Trustee is personally interested so long as the terms of such transaction are fair to my estate or the trust.  For example, such an Executor or Trustee may purchase property from my estate or the trust at its fair market value without court approval.

10.    If I have given the Trustees discretion concerning distributions of income or principal, that discretion shall be absolute and uncontrolled, and subject to correction by a court only if the Trustees should act utterly without reason, or in bad faith, or in violation of specific provisions of this Will. If I have set forth general guidelines (as opposed to directions or dollar limits) for the Trustees in making distributions, those guidelines shall be merely suggestive and shall not create an enforceable standard whereby a distribution could be criticized or compelled.  It is my strong belief that the Trustees will be in the best position to interpret and carry out the intentions expressed herein under changing circumstances.

11.    Notwithstanding any other provision of this Will, each Trustee is prohibited from making, voting on, or otherwise participating in any discretionary distribution of income or principal from a trust that would discharge or substitute for a legal obligation of that trustee, including the obligation to support a beneficiary of the trust.  Subject to that, in exercising discretion over distributions, the Trustees may consider or disregard other resources available to any beneficiary.

12.    A Trustee may irrevocably release one or more powers held by the Trustee while retaining other powers.

13.    Any Executor or Trustee may delegate to a Co-Executor or Co-Trustee any power held by the delegating Executor or Trustee, but only if the Co-Executor or Co-Trustee is authorized to

-12-

exercise the power delegated. A delegation may be revocable, but while it is in effect the delegating Executor or Trustee shall have no responsibility concerning the exercise of the delegated power.

## ARTICLE XII
### Definitions and Miscellaneous Provisions

The following definitions and miscellaneous provisions shall apply under this Will:

**A.** **Children and Descendants.** References to "children" and "descendants" shall include children and descendants whenever born.

**B.** **Surviving Spouse.** An individual's "surviving spouse" means the person (if any) surviving the individual to whom the individual is married at the time of the individual's death.

**C.** **Determining Descendants.** One's children and other descendants shall be determined according to applicable law, except to the extent modified by this paragraph or by any other specific provision of this Will.

    1. A child adopted before he or she attains eighteen (18) years of age (but not after attaining that age) shall be treated under this Will as a child and descendant of his or her adopting parents and their ancestors.

    2. A biological child shall not be treated as a child or descendant of any biological parent of the child or of the ancestors of such biological parent, if the child has been surrendered for adoption with the consent of such biological parent and the child's adoptive parent substitutes for such consenting parent under applicable state law.

    3. A biological child born out of wedlock shall not be treated as a child or descendant of his or her biological parents or of their ancestors unless and until the child's biological parents marry one another before the child attains eighteen (18) years of age.

    4. Adoptions and marriages that are recognized under this Will shall not affect prior distributions or other interests that have previously vested in possession, but they shall enable a person to receive distributions from or remainder or other interests in a trust still in existence. The descendants of a person, who is treated as a child or descendant under this Article, shall also be treated as descendants of

-13-

such person's ancestors. The descendants of a person, who is treated as not being a child or descendant under this Article, shall also be treated as not being descendants of such person's ancestors.

   D.   **Tangible Personal Property.**   The term "tangible personal property" does not include personally held art, antiques, stamp and coin collections, and other collectibles. Such term does not include property primarily held for investment purposes, nor does it include any property held for use in a trade or business, ordinary currency and cash, or bullion.

   E.   *Per Stirpes.*   Property that is to be divided among an individual's surviving or then living descendants *"per stirpes"* shall be divided into as many equal shares as there are children of the individual who are then living or who have died leaving surviving or then-living descendants. A share allocated to a deceased child of the individual shall be divided further among such deceased child's surviving or then-living descendants in the same manner.

   F.   **Minor and Adult.**   Whether an individual is a minor or an adult shall be determined under the laws of the individual's domicile at the time in question, except in cases when this Will has specifically defined "Minor" to mean a person under twenty-one (21) years of age.

   G.   **Code and Regulations.**   References to the "Internal Revenue Code" or "Code" or to provisions thereof are to the Internal Revenue Code of 1986, as amended at the time in question. References to the "Regulations" or "Regs" are to the Treasury Regulations under the Internal Revenue Code. If by the time in question a particular provision of the Internal Revenue Code has been renumbered, or the Internal Revenue Code has been superseded by a subsequent federal tax law, the reference shall be deemed to be to the renumbered provision or the corresponding provision of the subsequent law, unless to do so would clearly be contrary to my intent as expressed in this Will. A similar rule shall apply to references to the Regulations.

   H.   **Disabled Trustee.**   A Trustee is "disabled" (and while disabled shall not serve as Trustee) when a written certification is in effect that the examined Trustee is physically or mentally incapable of managing the affairs of the trust, whether or not there is an adjudication of the Trustee's incompetence.

-14-

1. This certification shall be valid only if it is signed by at least two (2) physicians, each of whom has personally examined the Trustee and at least one (1) of whom is board-certified in the specialty most closely associated with the alleged disability.

2. This certification need not indicate any cause for the Trustee's disability.

3. A certification of disability shall be rescinded when a serving Trustee receives a certification the former Trustee is capable of managing the trust's affairs. This certification, too, shall be valid only if it is signed by at least two (2) physicians, each of whom has personally examined the Trustee and at least one (1) of whom is board certified in the specialty most closely associated with the former disability.

4. No person is liable to anyone for actions taken in reliance on the certifications under this paragraph, or for dealing with a trustee other than the one removed for disability based on these certifications.

**I. Gross Estate.** "Gross estate" means my gross estate as determined for federal estate tax purposes (or for state death tax purposes where relevant).

IN WITNESS WHEREOF, I have hereunto subscribed my name on this _22 nd_ day of _August_ , _2023_.

_William J Stone_

WILLIAM J. STONE

-15-

Signed, sealed, published and declared by WILLIAM J. STONE, the testator above named, as and for his Last Will and Testament, in our presence, and we in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses:

Witnesses:                                    Address:

_Sally Nisbet_                          _159 W. Main St._
Witness                                      _Abingdon, VA 24210._

_Kimberly D. McArthur_                  _PO Box 2986_
Witness                                      _Lebanon VA 24266_

-16-

**SELF-PROVING AFFIDAVIT**

We, WILLIAM J. STONE, _Sally J. Nisbet_ and _Kimberly D. McGlothlin_ the testator and the witnesses, respectively, whose names are signed to this instrument this _22nd_ day of _August_ , _2003_ , and being first duly sworn, do hereby declare to the undersigned authority that the testator signed and executed his Will and that he had signed willingly (or willingly directed another to sign for him), and that he executed it as his free and voluntary act for the purposes therein expressed; and that each of the witnesses, signed the Will as witness, in the presence and hearing of the testator, and that, to the best knowledge of each witness, the testator was at the time eighteen (18) or more years of age, of sound mind and under no constraint or undue influence.

_William J. Stone_

WILLIAM J. STONE

_Sally J. Nisbet._

Witness

_Kimberly D. McGlothlin_

Witness

Subscribed, sworn to and acknowledged before me by WILLIAM J. STONE, the testator, and subscribed and sworn to before me by _Sally J. Nisbet_ and _Kimberly D. McGlothlin_ witnesses, this _22nd_ day of _August_ , _2003_ .

_Signature_

Signature

_Notary Public_
_Commission Expires_ _12-31-2005_

-17-

# SECOND CODICIL

## TO THE LAST WILL AND TESTAMENT OF
## WILLIAM J. STONE

I, William J. Stone, of Sullivan County, Tennessee, make this the Second Codicil to my Last Will and Testament that was signed on the 22nd day August, 2003.

FIRST: I revoke the provisions under Article IV and substitute, in lieu thereof, the following: "I give my residuary estate, real and personal, as follows: 1) one-half to my daughter Patricia Louise Stone, if she survives me, and if she does not, then to her descendants who survive me, per stirpes; and 2) the other half to my son William Wesley Stone, if he survives me, and if he does not, then to his descendants who survive me, per stirpes. If either Patricia or William predeceases me and leaves no descendants who survive me, then I give the share of the residue that would have been given hereunder to that child had he or she survived me to the other child, if he or she survives me, and if he or she does not survive me, then to his or her descendants who survive me, per stirpes."

SECOND: I revoke Paragraph 1 of Part A of Article XI with the effect that I do not appoint my daughter Cheryl Ann Stone to be an Executor of my Will or a Trustee of any trusts thereunder.

THIRD: I revoke the First Codicil to my Last Will and Testament, which Codicil was signed on the 9th day of September, 2003.

IN WITNESS WHEREOF, I have hereunto subscribed my name on _Oct. 9_, 2013.

_William J. Stone_
William J. Stone

-1-

Signed, sealed, published and declared by William J. Stone, the Testator above named, as and for his Codicil, in our presence, and we, in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses on _October 9_, 2013.


_____
Signature of Witness

_____
Name of Witness

_____
Signature of Witness

_____
Name of Witness

# SELF-PROVING AFFIDAVIT

COMMONWEALTH OF VIRGINIA    )
                                    ) ss:

WASHINGTON COUNTY          )

Before me, the undersigned authority, on this day personally appeared William J. Stone, _Carol Cordle_ and _Mark T. Hurt_, known to me to be the Testator and the witnesses, respectively, whose names are signed to the attached or foregoing instrument and, all of these persons being by me first duly sworn, William J. Stone, the Testator, declared to me and to the witnesses in my presence that said instrument is his Codicil and that he had willingly signed or directed another to sign the same for him, and executed it in the presence of said witnesses as his free and voluntary act for the purposes therein expressed; that said witnesses stated before me that the foregoing Codicil was executed and acknowledged by William J. Stone as his Codicil in the presence of said witnesses who, in his presence and at his request, and in the presence of each other, did subscribe their names thereto as attesting witnesses on the day of the date of said Codicil, and that William J. Stone, at the time of the execution of said Codicil, is eighteen (18) or more years of age and of sound and disposing mind and memory.

_William J. Stone_
William J. Stone

_Carol Cordle_
Signature of Witness

_Carol Cordle_
Name of Witness

_Mark T. Hurt_
Signature of Witness

_MARK T. HURT_
Name of Witness

Subscribed, sworn and acknowledged before me by William J. Stone, the Testatrix, and subscribed and sworn before me by _Carol Cordle_ and _Mark T. Hurt_, witnesses, _October 9_, 2013.

_Sharon M. Jackson_
Sharon Jackson, Notary Public

My Commission Expires: May 31, 2014

SHARON M. JACKSON
Notary Public
Commonwealth of Virginia
250692
My Commission Expires May 31, 2014

-3-