UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-cr-298-D

| UNITED STATES OF AMERICA<br><br>v.<br><br>TREYTON LEE THOMAS | Government's Response to Defendant's Motion for Miscellaneous Relief |
|---|---|

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds to Defendant's "Motion for access to sealed materials, release of PSR, modification of protective order, and return of property" [D.E. 220]. As explained more fully below, the government takes the following positions on Defendant's requests:

- Whether to provide Defendant sealed, Court-only Docket Entries 48 and 59 is a decision to be made by the Court, as these are its documents.
- Defendant's request for disclosure of his PSR to his "designated administrative agent" should be denied for failing to meet the requirements of Local Rule 32.1.
- Defendant's request for modification of the Protective Order should be denied because the reasons for its issuance remain in full effect.
- Defendant's access to records retained by any former or current defense counsel should be resolved without involvement by the government, so long as the Protective Order continues to be honored in full.
- Defendant's requests for inventories and/or the return of property seized during the investigation should be denied because he waived in his plea agreement the right to seek records from the government, as well as his ownership interest in the seized property.
- To the extent the request for return of property relates to his counseled motion at Docket Entry 185, which appears to be partially unadjudicated, it should be dismissed as an unauthorized pro se filing or, alternatively, be denied because he is not entitled to the relief he seeks.

## BACKGROUND

The Presentence Investigation Report sets forth a detailed summary of the conduct charged in both Indictments. *See* 5:16-CR-00298-D, D.E. 122, and 5:18-CR-00087-D, D.E. 36 (hereinafter referred to as "PSR"). In a nutshell, beginning in January 2005 and continuing to August 2013, Defendant engineered and carried out an elaborate investment fraud scheme, falsely representing to his father, his father's business associates, his wife, and his father-in-law (collectively referred to as "the victims") that he invested their money in secured U.S. Treasury Bills. Instead, he made highly risky investments in the commodity markets, resulting in significant losses, and funded a lavish lifestyle. Defendant concealed his scheme for more than seven years by repeatedly lying to investors, business executives, bankers, brokers, and accountants and providing these individuals with fabricated brokerage and bank documents. Desperate for funds to conceal the losses and maintain his extravagant standard of living, Defendant mortgaged his father's real estate holdings and dishonestly represented to lenders that his father had millions securely invested. Like all Ponzi schemes, Defendant eventually began using other investors' money to conceal his fraud and meet pressing financial obligations, like his father's mortgages and quarterly "interest" payments to his wife and father-in-law. Ultimately, in 2012, Fidelity Bank and Trust discovered the fraud and alerted the U.S. Secret Service.

The investigation into the fraud schemes revealed that Defendant failed to file U.S. Income Tax Returns (Forms 1040) or pay taxes for two decades. He concealed

his income by using offshore entities and employing individuals from offshore corporation management companies to act as his nominee in business ventures and move victims' funds in and out of the United States. He also used aliases and variations of his given name to conceal his identity. By failing to file income tax returns and affirmatively acting to conceal his income from the IRS, Defendant successfully evaded approximately $1,292,806 in income tax due and owing to the U.S. Treasury.

Defendant's conduct was the focus of two indictments charging a total of 29 offenses. PSR ¶¶ 1–7. Because of the nature of the charges and the supporting evidence, the government sought a protective order, explaining:

> The discovery material the Government intends to produce is voluminous and contains personal identification information, tax return information, and grand jury material. Redacting this information is problematic. First, it will be extremely time consuming and delay the Defendant's ability to prepare for trial. Second, redaction could render the documents unintelligible given the nature of the charges pending.

*See* 5:16-cr-00298, D.E. 38.

In June 2017, the Court granted the motion and issued a Protective Order. *See* 5:16-cr-00298, D.E. 54. Under the Order's terms, Defendant, defense counsel, and those retained by defense counsel may "not disseminate any of the information produced by the Government pursuant to its discovery obligations, except to prepare witnesses and to make pretrial, trial and post-trial filings." *Id.* It provided limitations on how the material could be accessed by witnesses during the preparation process and restricted further dissemination without prior Court approval. *Id.*

3

Based on undersigned counsel's review of the file, more than 17 gigabytes of discovery were shared with Defendant under the terms of this Protective Order.

Defendant eventually pleaded guilty with a plea agreement to one count of wire fraud and one count of tax evasion, each covering a multi-year period. PSR ¶ 8; *see also* Nos. 5:16-CR-00298-D, D.E. 95, and 5:18-CR-00087-D, D.E. 19 (hereinafter cited as "Plea Agreement"). As part of his arrangement with the government, Defendant agreed:

> To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. . . . .
>
> . . . [and to] forfeit[] and otherwise[] waive any ownership right in all items seized during the investigation of the acts alleged in the Indictments. . . .

Plea Agreement ¶¶ 2.d–2.e.

This Court sentenced Defendant to nearly 22 years' imprisonment in August 2019. The following year, the Fourth Circuit dismissed his consolidated appeals pursuant to the appellate waiver in his binding plea agreement. *United States v. Thomas*, 816 F. App'x 839 (4th Cir. 2020) (unpublished). His petition for certiorari was denied on June 7, 2021. *Thomas v. United States*, 141 S. Ct. 2745 (2021).

In 2022, Defendant filed and then voluntarily withdrew § 2255 motions in both of his cases. *See* Nos. 5:16-CR-00298-D, D.E. 193, 201, & 203, and 5:18-CR-00087-D, D.E. 78 & 86.

Now, years after his judgments became final, Defendant asks the Court to unseal two Court-only docket entries, order the disclosure of his PSR to someone he

4

Case 5:16-cr-00298-D   Document 225   Filed 02/27/26   Page 4 of 11

has identified as his administrative agent, lift or modify the Protective Order, direct prior defense counsel and any law firms to release all materials to his administrative agent, and order the Government to disclose records and return property.

## DISCUSSION

1. <u>The Court Decides Who Has Access to Its Documents, Which Include Sealed Docket Entries 48 and 59.</u>

Defendant asks the Court to unseal and/or provide his designated agent with the materials at sealed Docket Entries 48 and 59, presumably from the 2016 case. The first item, D.E. 48, seems to be a sealed Count-only minute entry, the contents of which are likely reflected in the docket text. The second item, D.E. 59, seems to be the Court's version of the government's exhibit list from the detention hearing. The document would likely reflect the Court's notations of what exhibits were offered, objected to, and admitted.[1]

Because these are documents generated or modified by the Court and put in the record with access restricted to the Court, it is solely the Court's decision whether Docket Entries 48 and 59 should be unsealed and/or made available to Defendant through his designated administrative agent.

2. <u>Defendant's Request for Disclosure of His PSR to a Third Party Does Not Meet the Requirements of Local Rule 32.1.</u>

Defendant next requests that the U.S. Probation Office release a copy of his PSR to his designated administrative agent. Local Rule 32.1 governs the disclosure

---

1 The government does not believe the document would contain personal identification information or sensitive material.

of presentence or probation records. It states, in relevant part: "No confidential records of this court maintained by the probation office, including presentence and probation supervision records, shall be sought by any applicant except by written petition to this court *establishing with particularity the need for specific information in the records*." E.D.N.C. Local Crim. R. 32.1 (emphasis added). Defendant's broad assertion that he and his agent "require access to this document for legitimate post-conviction, clemency, and administrative purposes" does not meet Rule 32.1's requirements.

Additionally, undersigned counsel knows nothing about Defendant's "designated administrative agent" beyond the name, address, and email Defendant provided. This gives rise to concerns that the Court would be unable to sanction him for any inappropriate dissemination of materials connected to this case, such as the PSR or the requested discovery (discussed below).

3. <u>The Protective Order Should Remain Intact, Without Modification.</u>

Defendant asks the Court to lift or modify the Protective Order because it "no longer serves its original purpose." He is mistaken. Defendant's crimes involved defrauding companies, people, banks, and the government. The voluminous evidence the government amassed to prove its case was replete with personal identification information and included protected tax return information and grand jury material. *See* 5:16-cr-00298, D.E. 38. Nothing about Defendant's judgment becoming final or his financial obligations being satisfied transforms the nature of the discovery materials. The many gigabytes of information provided to the defense still include PII, tax return documents, and grand jury materials—all of which should continue being protected under the existing Protective Order.

Moreover, Defendant does not explain why he wants unfettered access to these materials through his agent.

Finally, Defendant has not provided a workable way to modify the scope of the Protective Order. The government has fulfilled its discovery obligations and produced volumes of material pursuant to the terms of the Protective Order. As noted in the government's motion, it would have been extremely time consuming to redact all the materials, and redactions could render the materials unintelligible given the nature of the charges pending. There is no reason for the government (or anyone else) to undertake redaction efforts now.

4. <u>Defendant Seeks an Order Instructing All His Defense Attorneys and Their Firms to Provide His File and All Materials to His Authorized Agent.</u>

Defendant asks the Court to order all prior counsel and their firms to provide Defendant's complete file and all discovery materials (subject to any modified protective order) to his designated agent. Defendant claims he needs these materials "to review [his] case history, evaluate legal issues, and prepare for potential post-conviction filings."

Because this request is directed at former counsel, that is who should address this aspect of his motion. Based on a review of the docket, nine different attorneys from at least six different law firms entered notices of appearance on Defendant's behalf in the district court. *See* Nos. 5:16-CR-00298-D, 5:18-CR-00087-D. On appeal, Defendant was represented by a tenth attorney from yet another firm. *See Thomas*, 816 F. App'x at 839. Defendant's motion names an additional attorney

from another discrete firm as prior counsel, though undersigned found no notice of appearance for this individual in the underlying cases or the consolidated appeal.

With the understanding that any potential disclosure of discovery materials would remain subject to the Protective Order, the government declines to inject itself into Defendant's many attorney-client relationships.

5. <u>Defendant's Requests Related to Seized Property Should Be Denied.</u>

Defendant also requests an order directing the return of property under Federal Rule of Criminal Procedure 41(g) and the release of any remaining Bitcoin Cash (BCH) or other digital assets. This request appears to be directed at two subcategories of property: property that was either forfeited or applied to restitution (principally, digital assets); and other "property and evidence seized during the investigation that was not forfeited."

With respect to the latter category of evidentiary items, Defendant's request to be provided with an inventory, proof of disposition, and the return of non-forfeited property is squarely foreclosed by the terms of his plea agreement, in which he agreed to "waive all rights . . . to request or receive from the United States any records pertaining to the investigation or prosecution of this matter;" and further agreed to "forfeit[] and otherwise waive[] any ownership right in all items seized during the investigation of the acts alleged in the Indictment." *See* Plea Agreement ¶¶ 2.d, 2.e. This aspect of Defendant's request should be rejected based on the terms of his plea agreement.

With respect to the category of financial assets that were the subject of various restraining orders, forfeiture orders, and/or turnover orders entered in this case, *e.g.*, D.E. 110, D.E. 132, D.E. 177, these are the subject of another pending motion for return of property, D.E. 185, previously filed on Defendant's behalf with the assistance of his counsel, and which appears to remain at least partially unadjudicated. To the extent that Defendant is represented by competent counsel in connection with a pending motion for return of property, the Court should deny this *pro se* filing. *See* Local Rule 1.2 ("A represented party shall act through the party's attorney of record unless a particular rule specifically states otherwise." Alternatively, the motion should be denied because the Defendant's forfeiture and restitution obligations have been satisfied in full with all excess returned to Defendant[2] and there is no additional relief to which Defendant is entitled.[3]

---

2  According to Court and other records reviewed by the United States, Defendant's $6,960,438.63 forfeiture money judgment and $7,310,592.53 restitution judgment have been satisfied in full; and as required by the Court's Order entered at D.E. 208, a total of $407,286.10 in surplus funds not needed to satisfy the forfeiture was returned to Defendant's attorney, Cheshire Parker Schneider, PLLC, by the U.S. Secret Service on 4/25/23 and 2/22/24, with an additional $78,619.61 in surplus funds not needed to satisfy the restitution judgment being returned to the Defendant by the Clerk of Court on July 25, 2024, and November 6, 2025.

3  For example, Defendant requests that the Court "dissolve any remaining restraining orders;" however, the restraining order entered at D.E. 110 dissolved by its own terms once the Government notified the Court that it had brought 279.54265708 BTC and 17.58531728 BCH into custody. *Compare* D.E. 110, at p.3 ¶ 3 *with* D.E. 177, at p.3 ¶ 5 *and* D.E. 190, at p.5. Similarly, Defendant requests that the Court direct the Government to "state clearly on the record" if it believes that no additional BCH or other digital assets remain frozen; however, the Government has already explained on the record that the balance of digital assets contained in Defendant's Coinbase wallet beyond what was explicitly reported as seized was inaccessible due to technological limitations and never brought into Government custody. *See* D.E. 190, at p.5 & n.2.

9

## CONCLUSION

The government defers to the Court on how to address Docket Entries 48 and 59, documents the Court created/modified and restricted for its use only. The government declines to inject itself into Defendant's many attorney-client relationships on the handling of his case materials, except to request any ordered disclosure remain subject to the strictures of the Protective Order. In all other respects, the government opposes Defendant's motion because he has not demonstrated he is entitled to the relief he seeks.

Respectfully submitted, this 27th day of February, 2026.

                W. ELLIS BOYLE
                United States Attorney

BY:    */s/ Kristine L. Fritz*
        KRISTINE L. FRITZ
        Assistant United States Attorney
        Criminal Division
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Telephone: (9l9) 856-4530
        4Email: Kristine.Fritz@usdoj.gov
        P.A. Bar #202910; N.J. Bar #029142006

        */s/ Matthew L. Fesak*
        MATTHEW L. FESAK
        Assistant United States Attorney
        Deputy Chief, Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Telephone: (9l9) 856-4530
        Email: Matthew.Fesak@usdoj.gov
        N.C. Bar #35276

CERTIFICATE OF SERVICE

I hereby certify that I have on this 27th day of February, 2026, served a copy of the foregoing upon the below-listed counsel electronically via CM-ECF, and Defendant by placing a copy of the same in the U.S. Mail addressed as follows:

Elliot S. Abrams
Cheshire Parker Schneider, PLLC
Email: elliot.abrams@cheshirepark.com

Geoffrey R. Willis
Ryan Willis Law PLLC
Email: ryan@ryanwillislaw.com

Christian E. Dysart
Dysart Willis
Email: CDysart@MaynardNexsen.com

Meredith P. Brewer
Dysart Willis
Email: MBrewer@MaynardNexsen.com

Meredith W. Hubbard
Hubbard Law Firm
Email: meredith@hubbardlawnc.com

Treyton Lee Thomas
Reg. No. 21592-084
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

                                        W. ELLIS BOYLE
                                        United States Attorney

BY:    */s/ Kristine L. Fritz*
            KRISTINE L. FRITZ
            Assistant United States Attorney
            Criminal Division
            150 Fayetteville Street, Suite 2100
            Raleigh, North Carolina 27601
            Telephone: (9l9) 856-4530
            Email: Kristine.Fritz@usdoj.gov
            P.A. Bar #202910; N.J. Bar #029142006