UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**

APR 1 3 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ‑‑‑‑‑‑‑‑‑‑ DEP CLK

United States

v.

Treyton L. Thomas

Case No. 5:16-cr-00298-D

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE

Defendant, Treyton L. Thomas, respectfully submits this reply to the Government's response in opposition to his motion for Access to Sealed Materials, Release of PSR, Modification of Protective Order, and Return of Property.

I. Sealed Docket Entries 48 and 59

The Government correctly notes that these materials are Court-generated and that their disclosure rests within the Court's discretion. Defendant reiterates that he does not seek public unsealing, but only limited access through his designated administrative agent for review and preservation in connection with post-conviction matters. Because the Government does not oppose disclosure per se, the Court may grant the requested limited access without prejudice to any government interest.

II. Disclosure of Presentence Report

Local Rule 32.1 requires a showing of particularized need. Defendant clarifies that he seeks release of his PSR to his administrative agent for the following purposes:

1. Preparation for federal clemency petition, which requires detailed and accurate presentation of offense conduct, guideline calculations, and sentencing findings;
2. Evaluation of potential post-conviction claims, including ineffective assistance and sentencing-related claims, which require precise calculations, and sentencing findings;
3. Verification of restitution and forfeiture calculations relative to post-judgment financial accounting;
4. Review of Bureau of Prisons classification and designation determinations that relay directly on PSR content.

Because Defendant is incarcerated and does not have meaningful physical access to maintain, secure, organize, or preserve the PSR, release to a designated agent subject to non-disseminating restrictions is necessary to effectuate these legitimate legal purposes. This constitutes the particularized need required under Local Rule 32.1.

III. Protective Order

Defendant does not seek wholesale public dissemination of discovery materials. He seeks clarification that he may receive and maintain his own case file and discovery through a designated administrative agent under continued non-dissemination restrictions.

The Government argues that the reasons for the Protective Order "remains in full effect". However, the original purpose of the Protective Order was to regulate trial-phase discovery and protect sensitive information during active litigation. The case is now final. Restitution and forfeiture are fully satisfied. No trial or sentencing proceedings remain pending.

Defendant proposes that the Court modify the Protective Order solely to permit:

(a) Possession and organization of discovery by Defendant through his agent;
(b) Continued prohibition on public dissemination;
(c) Continued protection of grand jury material and PSR information by administrative agent.

This is a narrow modification consistent with the Defendant's right to access his own case materials for post-conviction review and does not require the Government to reproduce or redact discovery.

IV. Defense Counsel Files

The Government declines involvement. Defendant maintains that the Court retains authority to order former counsel to produce the client file. The Protective Order can remain operative as to any sensitive material. The issue is access, not dissemination.

V. Rule 41(g) and Property Issues

The Government argues that Defendant's plea agreement forecloses any request for records or return of property. Defendant respectfully submits that this overreads the waiver.

First, Defendant does not seek property already forfeited pursuant to final forfeiture orders. He seeks identification and accounting of property not forfeited and clarification of disposition.

Second, a general waiver of "records pertaining to the investigation" does not extinguish the Court's equitable authority under Rule 41(g) to ensure proper disposition of seized property following final judgment.

Third, with respect to digital assets, the Government relies on prior filings stating that certain assets were inaccessible due to technological limitations. Defendant requests only that the Government confirm on the record whether any assets remain restrained or under government control.

Fourth, to the extent D.E. 185 remains partially unadjudicated, Defendant's present motion seeks clarification and confirmation of outstanding issues. If the Court determines that counsel of record remains responsible for D.E. 185, Defendant respectfully requests clarification of representation status so that procedural posture is clear.

CONCLUSION

Defendant's motion seeks limited, administratively focused relief to enable review of his case materials and confirmation of property disposition. The Government's response does not establish prejudice or legal bar to the limited relief requested.

Defendant respectfully requests that the Court grant the relief outlined in his original motion, or alternatively provide clarification regarding the scope of any remaining restraints or representation status.

Respectfully submitted,

*3.31.26*

Treyton L. Thomas
Pro Se

FCI Coleman-Low
PO Box 1031
Coleman, FL 33521