IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-298-D
No. 5:18-CR-87-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TREYTON LEE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

On December 17, 2025, Treyton Lee Thomas ("Thomas" or "defendant"), proceeding pro se, moved for access to sealed materials, to modify the protective order entered in this case, and for the return of certain property. See [D.E. 220].[1] On February 27, 2026, the United States responded in opposition. See [D.E. 225]. On April 13, 2026, Thomas replied. See [D.E. 226]. As explained below, the court denies Thomas's motion.

I.

Thomas is a fraudster whose extensive and sophisticated fraud scheme lost businesses, financial institutions, and individuals over $6 million. See Presentence Investigation Report ("PSR") [D.E. 122] ¶¶ 11–60, 85. Thomas also evaded federal income taxes for nearly 20 years. See id. ¶¶ 69–80. Two separate indictments charged Thomas with 29 crimes related to his scheme. See [D.E. 1]; Indictment, United States v. Thomas, No. 5:18-CR-87 (E.D.N.C.), [D.E. 1]. During pretrial discovery, the court entered a protective order which precludes Thomas, defense counsel, and persons retained by defense counsel from "disseminat[ing] any of the information produced by the [g]overnment pursuant to its discovery obligations, except to prepare witnesses and to make pretrial, trial and post-trial filings." [D.E. 54] 1. The protective order also precludes "further

---

[1] The court cites the docket entries in case number 5:16-CR-298 unless otherwise noted.

dissemination of such material by [Thomas], defense counsel, or persons retained by defense counsel . . . without prior [c]ourt approval." Id. at 1–2.

On October 2, 2018, with a written plea agreement, Thomas pleaded guilty to one count of wire fraud and one count of income tax evasion. See [D.E. 94]; [D.E. 95] ¶ 3a. On August 29, 2019, the court sentenced Thomas to 262 months' imprisonment and ordered Thomas to pay $7,310,592.53 in restitution. See [D.E. 152, 154, 155, 167]. Thomas appealed. See [D.E. 156]. On August 14, 2020, the United States Court of Appeals for the Fourth Circuit dismissed Thomas's appeal. See United States v. Thomas, 816 F. App'x 839, 841 (4th Cir. 2020) (per curiam) (unpublished). On June 7, 2021, the Supreme Court of the United States denied Thomas's petition for a writ of certiorari. Thomas v. United States, 141 S. Ct. 2745 (2021).

II.

Thomas asks the court to unseal docket entries 48 and 59 and contends that these docket entries "appear to contain the inventory and documentation of property and evidence seized in" this case. [D.E. 220] 1. They do not. Docket entry 48 is a minute entry concerning a May 23, 2017 motion hearing on Thomas's motion to revoke the court's order of pretrial detention. See [D.E. 48]; [D.E. 32]. Docket entry 59 is the United States's exhibit list from that hearing. See [D.E. 59]. Thus, the court denies Thomas's motion to unseal docket entries 48 and 59.

Thomas moves to release his presentence investigation report ("PSR") to an administrative agent for "legitimate post-conviction, clemency, and administrative purposes." [D.E. 220] 1; see [D.E. 226] 1. Under Local Criminal Rule 32.1, a person seeking disclosure of a presentence records must "establish[] with particularity the need for specific information in the records.'" Loc. Crim. R. 32.1. Thomas has failed to establish a particular need for specific information in the PSR. See id. Moreover, Thomas has failed to demonstrate that any such need would be met by

furnishing the PSR to the administrative agent. Cf. U.S. Dep't of Just. v. Julian, 486 U.S. 1, 12 (1988); United States v. Trevino, 89 F.3d 187, 192 (4th Cir. 1996) ("[T]he confidentiality of PSRs has always been jealously guarded by the drafters of the federal rules, and by the federal courts."); United States v. Sanganza, No. 4:16CR50, 2017 WL 7789724, at *1 (E.D. Va. Aug. 2, 2017) (unpublished).[2] Thus, the court denies Thomas's request to release his PSR to the administrative agent.

Thomas moves to "[m]odify or lift the protective order, or clarify that [he] may receive [his] full case file and discovery materials through" the administrative agent. [D.E. 220] 1; see [D.E. 226] 1. The protective order in this case continues to serve the purpose of protecting the sensitive information produced during discovery. See [D.E. 38, 54]. Thomas has not shown that he is entitled to have this information disclosed to his administrative agent. Thus, the court denies Thomas's motion to alter or lift the protective order.

As for Thomas's request that the court compel his former attorneys to disclose his files and all discovery materials to Thomas's administrative agent, the court denies the request insofar as it requests the disclosure to the administrative agent of documents covered by the protective order. As for Thomas's request concerning Thomas's former attorneys' files, the court is unwilling to wade into Thomas's various attorney-client relationships without a showing that Thomas is entitled to the files and that his former counsel has refused to disclose the files. Thus, the court denies Thomas's motion to compel his former counsel.

Thomas also moves for the return of property under Federal Rule of Criminal Procedure 41(g) and for release of any remaining cryptocurrency seized by the United States, and to dissolve

---

[2] Thomas's motion provides no information about his administrative agent other than the agent's name, address, and email address. See [D.E. 220] 1.

3

any remaining restraining orders. See [D.E. 220] 2; [D.E. 226] 3. Thomas also asks the court to order the United States to provide an accounting to Thomas of property and evidence seized but not forfeited and to return non-forfeited property to Thomas's administrative agent. See [D.E. 220] 2.

As for Thomas's request for records from the United States, Thomas's plea agreement waived "all rights . . . to request or receive from the United States any records pertaining to the investigation or prosecution of" his case. [D.E. 95] ¶ 2d. Furthermore, Thomas "forfeit[ed] and otherwise waiv[ed] any ownership right in all items seized during the investigation" of his case. See id. ¶ 2e. Thus, the plea agreement bars Thomas's request for an accounting and other records from the United States.

As for Thomas's request for the return of property, the United States represents that the Thomas's forfeiture and restitution obligations have been satisfied, and the remaining proceeds have been returned to one of Thomas's attorneys. See [D.E. 225] 9 & nn. 2–3. The court already has ordered that the United States return to Thomas all funds "not needed to satisfy victim restitution and asset forfeiture in full." [D.E. 208] 1. And the United States has confirmed that preliminary order of forfeiture has been resolved. See [D.E. 218] 1. To the extent that Thomas contends the United States is in possession of certain cryptocurrency assets but has not returned those assets, the United States has stated that it could not access "the balance of the preliminarily forfeited bitcoin and bitcoin cash," and offered to release its interest in these assets. [D.E. 190] 5 & n.2. Moreover, the restraining order dissolved when the United States filed a notice with the court that it "effectuated the seizure of the full amount of the forfeited" assets. [D.E. 110] 3; see [D.E. 177]; [D.E. 218]. Thus, Thomas fails to show an entitlement to any further relief.

4

III.

In sum, the court denies Thomas's motion [D.E. 220].

SO ORDERED. This _21_ day of April, 2026.

_J. Dever_

JAMES C. DEVER III
United States District Judge

5